HERMAN RUCKING et al., Detendants, v. JOHN J. McMAHON, Garnishee of MARTIN HELLER, Appellant.

St. Louis Court of Appeals, November 1, 1898.

Attachment: APPEAL: PRACTICE, TRIAL. An order by the trial court on the garnishee to pay the sum found against him, by the jury, to the sheriff within twenty days is not a final judgment and in the case at bar the appeal is premature.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN A. TALTY, Judge.

APPEAL DISMISSED.

F. & ED. L. GOTTSCHALK for plaintiff.

Before noticing the points made by the appellant, we would call the attention of the court to the fact that this appeal is premature, as there is no final judgment in the case. In this proceeding by garnishment the question is tried, how much, if at all, is the

garnishee indebted to the attachment defendant, and
to this question the jury responded by their verdict,.
whereupon the court made the order required by
statute, that the garnishee, within twenty days pay to
the sheriff the amount found by the garnishee to the
original defendant Heller.   In case of failure on the
part of the garnishee, to comply with that order, then
the court shall enter up judgment "against the gar-
nishee for the proper amount."   Sec. 5235.   "In this
case, the amount found due by the verdict from the
garnishee McMahon to the original defendant Heller,
exceeds (as appellant complains in his brief) the
amount due by Heller to the plaintiff; and there is no
way of assessing the amount which the plaintiffs are
entitled to claim out of this fund, except by a hearing
in the circuit court, and until that amount is fixed by
trial, no judgment can be rendered, and was not ren-
dered against the garnishee and in favor of plaintiff.
In the case of Epstein v. Clothing Co., 67 Mo. App.
234, the court decides, that the garnishee can not
complain of a violation of this practice, as the jury
assesses the plaintiff's interest in the fund, instead
of finding the amount of money in the hands of the
garnishee, belonging to the debtor which in that case
was $350, but recognizes the rule to be as above as-
serted.   The testimony of the wife of Martin Heller
was incompetent.   Bill of Exceptions, 96; State v.
Arnold, 140 Mo. 348; R. S., sec. 8922; 58 Mo. 89; 73
Mo. 49; 21 Mo. App. 298; Noble v. McWilliams, 43
Mo. App. 385.   The testimony of Conrad Kempf and
Robert Walsh was not competent and was in rebuttal.
Bill of Exceptions, 99–105.   The instructions offered
by garnishee and refused by the court should have
been given.   It is the duty of courts and not juries to
interpret contracts.   State to use Little v. Donnelly,
9 Mo. App. 520; State to use Lafaivre, 53 Mo. 570;

Chapman v. R. R., 114 Mo. 542; Edwards v. Smith, 63 Mo. 119; Thomas v. Burlington Ins. Co., 47 Mo. App. 542. It is a question of law and not of fact. Michael v. St. Louis Mutual Fire Insurance Co., 17 Mo. App. 23. The interpretation of a contract should not be left to the jury to determine its construction. Fruin v. R'y, 89 Mo. 397. Even if oral it is for the court. Brannock v. Elmore, 114 Mo. 55; Moser v. Lower, 48 Mo. App. 85. The evidence relating to the damages McMahon sustained by reason of Heller's breach of contract should have been allowed. Bill of Exceptions, p. 95; Yeates v. Ballentine, 56 Mo. 530. It is the settled law, that if a party by his contract charge himself with an obligation possible to be performed, he must make it good. Dermott v. Jones, 2 Wall. 7. * * *

BLAND, P. J.—Plaintiff commenced suit by attachment against Martin Heller in the St. Louis circuit court on an open account, aggregating $783.30. McMahon was summoned as garnishee. In his amended answer to interrogatories filed, he denied any indebtedness, etc., to Martin Heller at the date of the service of garnishment. Plaintiffs in denial of the garnishee's answer set forth an indebtedness by him to Heller of $860.86, which was denied by the garnishee. The issues thus made were submitted to a jury, who returned a verdict, finding McMahon indebted to Heller at the date of the service of garnishment in the sum of $1,068.90. The court made an order on McMahon to pay this sum so found by the jury to the sheriff in twenty days. McMahon filed his motion for new trial, which was overruled by the court, whereupon he appealed.

Section 5235, Revised Statutes 1889, concerning garnishment proceedings, provides that when an order

. of this kind is made, if the garnishee fails to pay over the money, within the time fixed by the court, "then the court shall enter up judgment against the garnishee." * * * No such judgment was rendered in this case and the appeal is premature, and it is not from a final judgment and is therefore dismissed.

All concur.