Dorothy DYER (Plaintiff), Appellant,

v.

MARTIN LOAN & FINANCE COMPANY, Inc., Garnishee of Clarence Eldon Dyer (Defendant), Respondent.

No. 29146.

St. Louis Court of Appeals.

Missouri.

July 19, 1955.

634

James D. Dockery, St. Louis, for appellant.

Morris A. Shenker, Bernard J. Mellman, St. Louis, for respondent.

ANDERSON, Presiding Judge.

This is an appeal by plaintiff, Dorothy Dyer, from an order entered in a garnishment proceeding directing the Sheriff of the City of St. Louis to allow Clarence Eldon Dyer, judgment debtor, the exemption provided under Section 525.030 RSMo 1949, V.A.M.S.

The plaintiff, appellant herein, on May 1, 1950, obtained a divorce from Clarence Eldon Dyer in Division 15 of the Circuit Court of the City of St. Louis. By the terms of the decree in said cause the defendant was ordered to pay plaintiff the sum of $50 per month for the support of the minor child of the parties, and $50 as and for plaintiff's attorney's fee. On December 4, 1953, an order was entered in said cause increasing said allowance for the support of the child to $13.50 per week, and allowing an additional attorney's fee in the sum of $50.

On May 19, 1954, plaintiff filed an affidavit in said cause alleging that defendant was indebted to her in the sum of $362.14 for child support, attorney's fee, and court costs. Upon filing said affidavit plaintiff secured an execution, and a writ of garnishment in aid thereof, directed to Martin Loan and Finance Company, Inc. Said writ of garnishment was made returnable to the September Term 1954 of said court, and was thereafter duly served.

On May 21, 1954, defendant filed with the Sheriff an exemption claim, supported by affidavit, alleging that he was a resident of the State of Missouri and the head of a household, and therefore entitled to an exemption of ninety per cent (90%) of his wages under the provisions of Section 525.030 RSMo 1949, V.A.M.S.

Thereafter, Martin L. Tozer, Sheriff of the City of St. Louis, filed a motion in this proceeding setting up the foregoing facts and praying for an order respecting the validity of said claim. At the hearing on the motion it was stipulated as follows:

"It is agreed that in cause No. 34,714–D in Division 15 of this Court, being a divorce action, there was entered a judgment for child support and attorney's fees but no alimony; that an execution was ordered by plaintiff as judgment creditor and a garnishment in aid thereof was served on the garnishee; that defendant filed his exemption claim; and that since the date of the judgment defendant has remarried, has another child, and is the head of a family and is a resident of Missouri."

Thereafter, on June 11, 1954, the trial judge filed a memorandum in said cause in which he held that because the judgment in the divorce action was solely for child support and attorney's fees, the provisions of Section 452.140 RSMo 1949, V.A.M.S., did not apply, and the judgment debtor was entitled to and could claim his exemption under Section 525.030 RSMo 1949, V.A.M.S. Thereafter, and on June 28, 1954, the court entered its order, as follows:

"Wherefore, it is ordered and adjudged that the Sheriff of the City of St. Louis issue to the said Clarence Eldon Dyer the exemption provided under Section 525.030 R.S.Mo. 1949."

Plaintiff thereupon filed a motion to set aside said order. This motion was by the court overruled on June 30, 1954.

On July 8, 1954, plaintiff gave notice of appeal which recited that plaintiff "hereby appeals to the St. Louis Court of Appeals from the Memorandum of the Court, Conclusions of Law, Judgment, Decree and Opinion entered in this action on the 11th day of June, 1954, order made and entered on the 28th day of June, 1954, and order made and entered on the 30th day of June, 1954, overruling plaintiff's motion for a new trial to set aside Memorandum of Court, Conclusions of Law, Judgment, Decree and Opinion."

On this appeal plaintiff assigns as error the action of the trial court in sustaining the motion filed by Sheriff Tozer. In support of this assignment it is urged that under Section 452.140 RSMo 1949, V.A.M.S., the entire wages of the judgment debtor were subject to garnishment. We cannot review this assignment of error for the reason that the appeal is premature and must be dismissed.

■ In cases of this character appeals are allowed only from final judgments. Section 512.020 RSMo 1949, V.A.M.S. The order here appealed from was not a final judgment in the cause. Barnes Hospital v. Quinlivan, Mo.App., 136 S.W.2d 332; Rucking v. McMahon, 76 Mo.App. 372. To be final and appealable a judgment must dispose of all parties and all issues in the case. Magee v. Mercantile-Commerce Bank & Trust Co., 339 Mo. 559, 98 S.W.2d 614; Webster v. Sterling Finance Co., Mo. Sup., 165 S.W.2d 688; S. S. Kresge Co. v. Shankman, Mo.App., 194 S.W.2d 716; Indiana Truck Co. v. Standard Accident Ins. Co., Mo.App., 74 S.W.2d 486; Scheele v. Long, Mo.App., 244 S.W.2d 395.

The order of June 28, 1954, was not a final judgment disposing of all parties and all issues. It was simply a judgment on the sheriff's motion ordering him to issue to the judgment debtor the exemption provided under Section 525.030 RSMo 1949, V.A.M.S., leaving the main issues in the case for future determination.

There was no order for a separate trial of the issue raised by this motion, as authorized by Section 510.180, subd. 2 RSMo 1949, V.A.M.S., and 42 V.A.M.S. Supreme Court Rule 3.29 which would have permitted a separate appeal from the judgment on said motion. Whether Sheriff Tozer had the legal right to intervene in the action is not before us, and we accordingly express no opinion with reference thereto.

For the reasons stated, the appeal should be dismissed. It is so ordered.

MATTHES, J., and WALTER E. BAILEY, Special Judge, concur.