**PENN CENTRAL TRANSPORTATION COMPANY**

v.

**MARCH WAREHOUSE CORPORA-TION.**

No. IP 70–C–306.

United States District Court,
S. D. Indiana,
Indianapolis Division.

Feb. 18, 1972.

Carl T. Reis, Indianapolis, Ind., for plaintiff.

Wayne C. Ponader, Bose, McKinney & Evans, Indianapolis, Ind., for defendant.

## MEMORANDUM OPINION

NOLAND, District Judge.

This cause came before the Court for hearing on February 2, 1972, on plaintiff's complaint to recover from the de-

fendant amounts owed to it pursuant to certain Car Demurrage Average Agreements. Defendant, a public warehouseman at all times material to this suit, counterclaimed for amounts owed to it by the plaintiff, arising from various obligations, including among others, certain Industry Sidetrack Agreements. The amounts owing from each party to the other having been stipulated in this case, the controversy centers around whether the defendant should be allowed to set off amounts owing to the defendant by plaintiff, a railroad engaged in proceedings for reorganization under Section 77 of the Bankruptcy Act (11 U.S.C.A. § 205).

Pursuant to its jurisdiction over the reorganization proceedings concerning the plaintiff Penn Central Transportation Company, the United States District Court for the Eastern District of Pennsylvania has ordered that:

> "All persons, firms and corporations, holding collateral pledged by the Debtor as security for its notes or obligations or holding for the account of the Debtor deposit balances or credits be, and each of them hereby are, restrained and *enjoined* from selling, converting or otherwise disposing of such collateral, deposit balances or other credits or any part thereof, or *from off-setting the same or any* . . . [*part*] . . . (sic) *thereof, against any obligation of the Debtor,* until further order of this Court." (Emphasis added.)

This Court finds that the defendant's counterclaim asserts a claim for set-off which has been enjoined by the foregoing Court order.

■ The set-off section of the Bankruptcy Act, 11 U.S.C.A. § 108, is to be applied in reorganizations "where not inconsistent with the provisions of . . . [Chapter X] . . . " *See,* 11 U.S.C.A. § 600; Susquehanna Chemical Corporation v. Producers Bank & Trust Co., 174 F.2d 783, 786 (3rd Cir., 1949) [hereinafter cited as *Susquehanna*].

■ In considering whether application of the set-off provision is inconsistent with the purpose of reorganization, the sharp difference between the purposes of bankruptcy and reorganization proceedings must be kept in mind. *Susquehanna,* at 786. The objective of bankruptcy proceedings is to liquidate the assets of the debtor as quickly as possible to pay off his creditors and to free the bankrupt to start anew. Reorganization on the other hand is designed to allow the debtor corporation to continue to function and carry on its business.

■ Its purpose is to save a sick business, not the liquidation and division of its assets. *Susquehanna,* at 786–787. Consequently, because the allowance of set-off could deprive the debtor of current assets at a time when it needs them most and, thus, frustrate the purpose of reorganization, "[i]t is not appropriate to use the same rule of set-off as is applied in a liquidation." *Susquehanna,* at 787, quoting Finletter, The Law of Bankruptcy Reorganization, 306 (1939).

■ The mere filing of a petition for reorganization did not give the March Warehouse Corporation a right of set-off. *See:* Lowden v. Northwestern National Bank & Trust Co. of Minneapolis, 84 F.2d 847, 855 (8th Cir., 1936) [hereinafter cited as *Lowden*]. As stated by the Eighth Circuit in *Lowden*:

> "For the purpose of set-off, it would not be consistent with the provisions of section 77 to treat a debtor in reorganization proceedings as a voluntary bankrupt unless it appeared that insolvency actually existed and that liquidation and distribution of assets, rather than reorganization and rehabilitation, was in order." *Lowden,* at 855.

Thus, to establish a right of set-off against the plaintiff railroad in this case, the defendant had the burden of clearly establishing that the plaintiff was actually insolvent. *See, Lowden,* at 855.

Since the defendant has failed to show that the plaintiff was insolvent and that liquidation proceedings would be more appropriate than reorganization, the Court finds that the defendant has no right to set-off pursuant to section 68 of the Bankruptcy Act (11 U.S.C.A. § 108). On the contrary, in view of order by the United States District Court for the Eastern District of Pennsylvania, this Court cannot say that circumstances are not such that:

"  .   .   . to permit set-offs of the nature attempted in this case would deprive the Debtor of revenue at a time when such revenue is sorely needed, and might well jeopardize the chances of effecting a rehabilitation of the Debtor." In re Central Railroad Company of New Jersey, 273 F. Supp. 282, 288 (D.N.J. 1967).

Consequently, this Court concludes that the defendant has established no right to set-off and that the set-off requested by the defendant has been enjoined by order of the United States District Court for the Eastern District of Pennsylvania, to which this Court will give effect.

The Court now makes the following:

## FINDINGS OF FACT

1. The action of Plaintiff against Defendant is for the collection of charges for transportation of property in interstate commerce and therefore the District Courts of the United States have original jurisdiction under the Act of Congress, Chapter 646, 62 Stat. 931; U.S.C.A., Title 28, § 1337, which gives the District Courts in the United States original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce.

2. At all times material herein, Plaintiff was and is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania and was and is a common carrier by rail of persons and property for hire engaged in interstate commerce with its principal place of business in a state other than the State of Indiana.

3. Plaintiff, since June 21, 1970, has been, and now is, in proceedings for the Reorganization of a railroad pursuant to Section 77 of the Bankruptcy Act (11 U.S.C.A. § 205), in the District Court of the United States for the Eastern District of Pennsylvania, Cause No. 70–347.

4. At all times material herein defendant was, and is, a corporation duly organized and existing under the laws of the State of Indiana and has its principal place of business in the State of Indiana.

5. The matter in controversy between plaintiff and defendant exceeds, exclusive of interest and costs, the sum of $10,000.00.

6. On or about November 1, 1966, defendant executed a Car Demurrage Average Agreement (Exhibit "A") (the "Agreement"), with the New York Central Railroad Company which by merger is now the Penn Central Transportation Company, the plaintiff herein. Such Agreement is and was, at all times material herein, a binding agreement between plaintiff and defendant, and in full force and effect.

7. Plaintiff performed its obligations under the Car Demurrage Average Agreement. During the months of February, August, September and November, 1968, while such Agreement was in full force and effect, demurrage charges accrued for cars shipped to various third party entities in care of Defendant, in the following amounts:

a. February, 1968—$4,900.00, plus interest at the rate of 6% per annum from and after March 18, 1968, on the sum of $4,900.00 to date of judgment.

b. August, 1968—$2,045.00, plus interest at the rate of 6% per annum from and after September 26, 1968, on the sum of $2,045.00 to date of judgment.

c. September, 1968—$4,715.00, plus interest at the rate of 6% per annum from and after October 25, 1968, on the sum of $4,715.00 to date of judgment.

d. November, 1968—$80.00, plus interest at the rate of 6% per annum from and after December 31, 1968, to date of judgment.

Such demurrage charges have not been paid and are now due and owing to plaintiff.

7. That on September 19, 1968, plaintiff delivered to, and defendant accepted, a carload of frozen ground beef, which railroad car was unloaded by defendant and released to plaintiff on September 24, 1968, by reason of which defendant became indebted to plaintiff for the sum of Twenty-Five Dollars ($25.00), for demurrage charges, for which sum plaintiff is entitled to judgment against the defendant plus interest thereon at the rate of six percent (6%) per annum from September 24, 1968, to date of judgment herein.

8. That on September 25, 1968, plaintiff delivered to and defendant accepted a carload of frozen foods, which railroad car was unloaded by defendant and released to plaintiff on September 30, 1968, by reason of which defendant became indebted to plaintiff for the sum of Twenty-Five Dollars ($25.00), for demurrage charges, for which sum plaintiff is entitled to judgment against the defendant, plus interest thereon at the rate of six percent (6%) per annum from September 30, 1968, to date of judgment herein.

9. That on September 25, 1968, plaintiff delivered a second railroad car of frozen foods to and defendant accepted said second carload of frozen foods, which second railroad car was unloaded by defendant and released to plaintiff on September 30, 1968, by reason of which defendant became indebted to plaintiff for the sum of Twenty-Five Dollars ($25.00), for demurrage charges, for which sum plaintiff is entitled to judgment against the defendant, plus interest thereon at the rate of six percent (6%) per annum from September 30, 1968, to date of judgment herein.

10. That on September 20, 1968, plaintiff delivered to and defendant accepted a railroad car of foods which was held by defendant until October 1, 1968, when defendant rejected and released said carload of foods to plaintiff, by reason of which defendant became indebted to plaintiff for the sum of Sixty Dollars ($60.00), for demurrage charges, for which sum plaintiff is entitled to judgment against the defendant, plus interest thereon, at the rate of six percent (6%) per annum from October 15, 1968, to date of judgment herein.

11. That on November 8, 1968, plaintiff delivered to and defendant accepted a railroad car of frozen foods, which railroad car was unloaded by defendant and released to plaintiff on November 15, 1968, by reason of which defendant became indebted to plaintiff for the sum of Twenty-Five Dollars ($25.00), for demurrage charges, for which sum plaintiff is entitled to judgment against the defendant, plus interest thereon at the rate of six percent (6%) per annum from November 15, 1968, to date of judgment herein.

12. That on November 12, 1968, plaintiff delivered to and defendant accepted a railroad car of frozen foods which railroad car was unloaded by defendant and released to plaintiff on November 15, 1968, by reason of which defendant became indebted to plaintiff for the sum of Fifteen Dollars ($15.00), for demurrage charges, for which sum plaintiff is entitled to judgment against the defendant, plus interest thereon at the rate of six percent (6%) per annum from November 15, 1968, to date of judgment herein.

13. That on January 2, 1969, plaintiff delivered one trailer van to and which was accepted by defendant, for loading and shipment over plaintiff's railroad, which trailer van was held by defendant until January 6, 1969, at 3:00 P.M., at which time same was released to plaintiff for shipment to Providence, Rhode Island, by reason of which defendant became indebted to plaintiff for the sum of Twenty-Two Dollars and Sixty-Six Cents ($22.66), for demurrage charges, for which sum plaintiff is en-

titled to judgment against the defendant, plus interest thereon at the rate of six percent (6%) per annum from January 6, 1969, to date of judgment herein.

14. That on January 5, 1969, plaintiff delivered to and defendant accepted a railroad car of frozen foods, which railroad car was unloaded by defendant and released to plaintiff on January 10, 1969, by reason of which defendant became indebted to plaintiff for the sum of Thirty-Five Dollars ($35.00), for demurrage charges, for which sum plaintiff is entitled to judgment against the defendant, plus interest thereon at the rate of six percent (6%) per annum from January 10, 1969, to date of judgment herein.

15. That defendant has failed to show a right to set-off in this case.

## CONCLUSIONS OF LAW

1. That the plaintiff recover from the defendant the sum of Eleven Thousand Nine Hundred Seventy-Two Dollars and Sixty-Six Cents ($11,972.66) plus interest at six percent (6%) per annum on the following sums from the dates shown to date of judgment herein:

$4,900.00 from March 18, 1968
25.00 from September 24, 1968
2,045.00 from September 26, 1968
50.00 from September 30, 1968
60.00 from October 15, 1968
4,715.00 from October 25, 1968
40.00 from November 15, 1968
80.00 from December 31, 1968
22.66 from January 6, 1969
35.00 from January 10, 1969

2. That defendant cannot set-off its counterclaim against its obligation to the plaintiff, being enjoined by the United States District Court for the Eastern District of Pennsylvania, having jurisdiction over reorganization of plaintiff railroad, from offsetting any credit against any obligation of the debtor, plantiff herein.

3. That defendant cannot recover on its counterclaim but must file its claim with other creditors, as provided by law and the Orders of the United States District Court for the Eastern District of Pennsylvania, addressing same to the Trustees appointed by said Court.

4. That the Counterclaim of defendant is hereby DISMISSED.

Judgment will be entered in accordance with this Opinion with costs to the defendant.