**Robert SEITER, Plaintiff-Respondent,**

**v.**

**William TINSLEY and Frank Skinner, Defendants,**

**The La Salle National Insurance Company, a corporation, Garnishee, Appellant.**

**No. 34005.**

Missouri Court of Appeals, St. Louis District.

March 28, 1972.

Rosenberg, Weiss, Goffstein & Kraus, Rodney Weiss, Sanford Goffstein, St. Louis, for garnishee-appellant.

Laurence O. Willbrand, St. Louis, for plaintiff-respondent.

WEIER, Judge.

This is a garnishment proceeding in aid of an execution on a foreign judgment registered in this state. After the filing of interrogatories, answers and a reply, the cause was submitted upon a stipulation of facts. Thereafter, on June 17, 1970, the court rendered its "judgment and order",

wherein it determined garnishee insurance company owed $9,000.00, with interest from date of the original judgment, and ordered the garnishee to pay this amount into the registry of the court. It is from this judgment and order that garnishee now appeals. The problem with this appeal lies in the nature of the judgment. It was not a final, appealable judgment but rather an interlocutory order.

A garnishment proceeding in aid of an execution is not the institution of a new suit but is rather a means provided by law to obtain satisfaction of a judgment on which an execution has been entered. Nevertheless, it necessarily results in a final judgment in which it finally disposes of all the issues and parties. Flynn v. First National Safe Deposit Company, Mo., 284 S.W.2d 593. The order here made by the court to pay the money into court was the interlocutory order required under Rule 90.07, V.A.M.R. (Section 525.080, RSMo 1969, V.A.M.S.). Such an order to pay over is prerequisite to entering a final judgment against the garnishee. Rule 90.19, V.A.M.R. (Section 525.200, RSMo 1969, V.A.M.S.); Chailland v. M. F.A. Mutual Insurance Company, Mo., 375 S.W.2d 78, 83[10]. But it is not a final judgment from which an appeal lies. Barnes Hospital v. Quinlivan, Mo.App., 136 S.W.2d 332, 334[4]; Dyer v. Martin Loan & Finance Company, Mo.App., 281 S.W.2d 633, 635[3].

The appeal is dismissed.

PER CURIAM:

The foregoing opinion by WEIER, J., a commissioner when the case was submitted to the Court, is adopted as the opinion of the Court. Accordingly, the appeal is dismissed.

BRADY, C. J., DOWD, J., and VERNON W. MEYER, Special Judge, concur.