Roland A. ORF and Mary M. Orf, his wife, and R. A. Orf, d/b/a Thirty-Nine Twenty Company, Plaintiffs-Respondents,

v.

COMPUTER INSTITUTE, INC., Garnishee, Appellant,

Gordon Shewman, Defendant.

No. 34312.

Missouri Court of Appeals, St. Louis District.

April 25, 1972.

Arthur Litz, Charles E. Kopman, St. Louis, for garnishee-appellant.

Stein & Seigel, B. C. Drumm, Jr., St. Louis, John J. McAtee, Clayton, for plaintiffs-respondents.

SIMEONE, Judge.

This is an appeal from an order of the Circuit Court of St. Louis County entered on July 19, 1971, overruling the petition of garnishee-appellant (hereinafter Computer) to quash execution.

On September 23, 1970, plaintiffs-respondents, (hereinafter Orfs) recovered a default judgment against one Gordon Shewman in the sum of $7,425 and costs. Thereafter, on May 7, 1971, the Orfs filed an affidavit for personal service out of state as to Computer based upon an indemnity agreement entered into between Shewman and Computer together with a request for execution and garnishment directed to the sheriff of Milwaukee County, Wisconsin. On June 7, 1971, interrogatories were filed, directed to Computer. The interrogatories have not been answered. On June 15, 1971, Computer en-

tered its special appearance and filed its "Petition to Quash Execution." On June 22, 1971, the deputy sheriff of Milwaukee County, Wisconsin, filed his return of service of garnishment, returning the same unsatisfied and unpaid.

As stated, on July 19, 1971, the court overruled Computer's petition to quash execution. Computer perfected its appeal to this court.

One of the points raised by respondents is that the appeal is not taken from an appealable order and therefore the appeal should be dismissed. In view of the present posture of the case, we agree.

Rule 81.01, V.A.M.R. [1] provides that "The right of appeal shall be as provided by law." Section 512.020, RSMo 1969, V.A.M.S., provides: "Any party to a suit aggrieved by any judgment of any trial court in any civil cause . . . may take his appeal to a court having appellate jurisdiction from . . . any final judgment in the case. . . ."

 Our appellate courts have, in numerous decisions, held that the right of appeal is purely statutory and where the statute does not give the right, no such right exists. It has often been said that a final, appealable judgment is ordinarily one which disposes of all parties and all the issues in the case. Morrison v. Estate of Martin, Mo. App., 427 S.W.2d 783 [1–3] and cases cited therein. In the absence of specific statutory authority, appeals do not lie from rulings which do not constitute a final disposition of the cause, for the reason that cases are not to be brought to the appellate courts in piecemeal fashion or detached portions. Morrison v. Estate of Martin, *supra*, at 784.

These principles are as applicable to garnishment cases as to others. Dyer v. Martin Loan and Finance Co., Mo.App., 281 S.W.2d 633; and see cases collected in 4 Am.Jur.2d, Appeal and Error, Sections 130–131.

An order which quashes a writ of garnishment is a final judgment for purposes of an appeal. Flynn v. First National Safe Deposit Co., Mo.Sup., 284 S.W.2d 593, but an order overruling a petition to quash execution of a garnishment is not appealable for the reason that the order does not constitute a final disposition of the cause nor the merits of the garnishment proceeding. Cf. Continent Foods Corp. v. National-Northwood, Inc., Mo.App., 470 S.W.2d 315.

While prohibition may be a proper remedy in such circumstances, the posture of the case is such that an appeal does not lie.

For these reasons, the appeal at this time must be dismissed.

BRADY, C. J., and DOWD, SMITH and WEIER, JJ., concur.

---

1. Rule 81.01 is former Rule 82.01.