George P. BAKER et al.,
Plaintiffs-Respondents,

v.

RISS INTERNATIONAL
CORPORATION,
Defendant-Appellant.

No. KCD29530.

Missouri Court of Appeals,
Kansas City District.

Oct. 2, 1978.

Motion for Rehearing and/or Transfer Denied Nov. 13, 1978.

Application to Transfer Denied Dec. 18, 1978.

Rodger J. Walsh, Kansas City, for defendant-appellant.

David M. Claycomb, James, Odegard & Millert, Kansas City, for plaintiffs-respondents.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

This appeal arises from an attempt by Riss to stay a general execution and garnishment thereunder. Riss has appealed from the trial court's refusal to stay, set aside, or quash the writ of execution.

The execution arises from underlying litigation between Penn Central and Riss International. Penn Central filed suit against Riss in 1971, and Riss filed a counterclaim. In 1974, a judgment was entered against Riss in the amount of $1,594.54 and a separate judgment in favor of Riss and against Penn Central in the amount of $33,643.15. Those judgments are both final. Penn Central, on June 21, 1970, filed for reorganization under 11 U.S.C. § 205. Pursuant to federal law, the United States District Court for the Eastern District of Pennsylvania, where the reorganization plan was filed, enjoined creditors from setting off debts owed to them by Penn Central. This injunction was entered prior to the entry of the judgments in this case. The judgments would have been subject to set off under the law of Missouri absent that injunction.

■ At the outset, the motion of the trustees for Penn Central to dismiss this appeal must be considered. It would appear that Riss filed on March 22, 1977 what amounted to a motion for a new trial directed to the trial court's order to the garnishee to pay the money into the court. Thereafter, the trustees of Penn Central filed an additional pleading asking the court to direct the court administrator to release the garnished sums to the trustee. The trial court, on the basis of that last pleading, entered an order on the 10th of May, 1977, directing payment to the trustees of Penn Central of the sum held by the court administrator. Within ten days the notice of appeal was filed. The issue thus turns on whether the order directing payment of the funds held gave finality to the judgment or the order directing payment to the court. The issue has been squarely resolved that the final order in a garnishment proceeding is the order directing payment. In *Orf v. Computer Institute, Inc.,* 480 S.W.2d 73 (Mo.App.1972), the court held that an order quashing a writ of garnishment is a final judgment, citing *Flynn v. First National Safe Deposit Company,* 284 S.W.2d 593 (Mo.1955), but that an order overruling a petition to quash execution of garnishment is not appealable because the order does not constitute a final disposition of the cause nor the merits of the garnishment proceeding. In *Kalvar Corporation v. Burrow,* 493 S.W.2d 48 (Mo.App.1973), the issue of finality of judgment was raised, and the court held that stipulation of the parties to the entry of an order by the trial court directing the payment of the monies in the registry of the court to the judgment creditor of the bankrupt constituted the final procedural step contemplated by the garnishment statutes and, thus, the judgment was final. The court mentioned in passing that the appeal in the *Kalvar* case was, as in the instant case, an appeal from the adverse ruling on the motion to quash a garnishment. The court held that under the authority of *World Franchisers, Inc. v. Birk,* 456 S.W.2d 606 (Mo.App.1970), the defect in the notice of appeal which sought to review a nonappealable order was purely formal and that the notice of appeal would be treated as an appeal from the order directing the clerk to pay out the money from the registry of the court which is a final judgment in the case. The motion to dismiss the appeal as untimely is overruled.

■ Turning now to the merits of the Riss claim, it is clear that it cannot recover upon the theory it espouses. Riss argues that because the Riss judgment is greater than the Penn Central judgment, the writ of garnishment should have been quashed. Riss relies upon Missouri authority dealing with offsetting judgments. Those cases are not controlling in the present situation. This case is controlled by *Baker v. Gold Seal Liquors.* 417 U.S. 467, 94 S.Ct. 2504, 41

**406**

L.Ed.2d 243 (1974). The facts in *Gold Seal* are precisely the same as the facts in this case. There the plaintiffs had sought to recover freight charges against a shipper, and the shipper counterclaimed for cargo loss and damage. There was one net judgment entered against the Penn Central Railroad, which was the carrier in *Gold Seal*, as here. The Court of Appeals for the 7th Circuit affirmed at 484 F.2d 950 (7th Cir. 1973); the United States Supreme Court reversed the affirmance of the Court of Appeals and set aside the net judgment entered by the District Court. The reasoning of the Supreme Court of the United States was that entry of a net judgment had the effect of creating a preference in favor of one creditor because of the happenstance of the owing of freight charges by a claimant against the bankrupt. The same result has been reached in the Court of Appeals 3rd Circuit, *In Re Penn Central Transportation,* 453 F.2d 520 (3rd Cir. 1972), *cert. denied,* 408 U.S. 923, 92 S.Ct. 2493, 33 L.Ed.2d 334 (1972).

■ Riss argues that *City of New York v. Patton,* 390 F.Supp. 1001 (S.D.N.Y.1975), permits Riss to set off its judgment against Penn Central's claim. *Patton* is clearly distinguishable since it involved a claim for rent incurred by the Trustees after the reorganization. Obviously, the trustees can be held to contracts they entered into in connection with the reorganization which is all that *Patton* holds. *Patton* does not affect the result to be reached in this case, which is that the judgment of the trial court should be affirmed.

All concur.