**R. JACOBS, Plaintiff-Appellant,**

v.

**Arthur McFADDEN,**
**Defendant-Respondent.**

**No. 47043.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 5, 1984.

Richard Jacobs, Clayton, for plaintiff-appellant.

SNYDER, Judge.

This is an action to recover attorney fees under an alleged contingency fee agreement. The circuit court of St. Louis County dismissed the action for failure to prosecute. The attorney now appeals. The judgment is reversed and a prior summary judgment for appellant is reinstated.

Attorney Richard Jacobs originally filed suit in the associate circuit court to recover a contingency fee of $614.61 he claimed was owed him by respondent Arthur McFadden. Appellant asserts that he and respondent entered into an employment contract whereby he would receive one-third of all money recovered on an automobile accident claim.

The claim was subsequently settled with respondent's insurance company for $1,843.83. Although the insurance company had been sent a lien letter by appellant, the company said respondent's wife told the insurance company that appellant was not representing respondent. The entire amount was sent to respondent. Appellant filed suit in the associate circuit court, alleging he was owed one-third of that settlement, or $614.61. Respondent filed no answer to the petition.

Appellant filed requests for admissions. Respondent failed to respond. A summary judgment in favor of plaintiff-appellant was granted on July 14, 1981.

Respondent appeared on July 28, 1981 and informed the court that he had been unaware of the summary judgment proceedings on July 14. The associate circuit

judge "set aside and held for naught" the summary judgment and reset the cause for trial.

It is unnecessary to discuss the lengthy proceedings in the associate circuit court and the circuit court subsequent to the setting aside of the summary judgment and the final dismissal of the action by the trial court for failure to prosecute.

The associate circuit judge had no jurisdiction to set aside the summary judgment because more than ten days had elapsed from July 14, the date of the judgment, to July 28, the date respondent appeared in court. Sections 512.180 and 517.480 RSMo. 1978. *State ex rel. Weisman v. Edwards,* 645 S.W.2d 732, 733[2] (Mo.App.1983).

The judgment is reversed and the cause remanded. The trial court is instructed to reinstate the summary judgment for appellant.

KELLY, P.J., and STEWART, J., concur.