HILL, LEHNEN & DRISKILL,
Respondent,

v.

BARTER SYSTEMS, INC.,
Pinkstaff-Leutkemeyer, et
al., Appellants.

No. WD 37173.

Missouri Court of Appeals,
Western District.

April 1, 1986.

James S. Formby, Michael W. Walker, Kansas City, for appellants.

Stanley M. Thompson, Richmond, for respondent.

Before CLARK, C.J., Presiding, and SHANGLER and KENNEDY, JJ.

KENNEDY, Judge.

Plaintiff law firm got out an execution on their $2,982.72 Ray County Associate Circuit Court judgment against Barter Systems, Inc., and directed the service of garnishment summons on the Mercantile Bank of Kansas City. In response to plaintiff's interrogatory whether the bank had "an account ... in the name of Barter Systems, Inc.", the bank answered, "Yes". The answer to another interrogatory disclosed that the amount in the account at the time of garnishment was $9,174.38, substantially exceeding the amount of the judgment. The court thereupon on September 27 entered an order directing the bank to pay an amount equal to the judgment accrued interest and costs, to the circuit clerk, and also directing that the circuit clerk upon receipt thereof pay the same over to the plaintiff. The finality of this order is the pivotal question in the case.

The bank on October 5 paid the funds, a total of $3,308.02 including costs, to the court clerk.

On October 14, 1983 (17 days after the September 27 order), intervenor Pinkstaff-Lautkemeyer Enterprises, Inc., d/b/a Barter Systems of Kansas City, filed its motion to intervene and its motion to quash garnishment. Its motions alleged that it was the owner of the "Barter Systems, Inc." bank account which had been seized by garnishment, but that it was not the judgment debtor nor did it have any relationship to the judgment debtor. The motion for intervention was denied by the associate circuit court on October 25, 1983, on the ground that the motion to intervene was "not timely filed". The court also denied the motion to quash the garnishment on the ground that it was "moot as the order to pay out the funds to plaintiff had been entered more than two weeks prior to movant's petition".

From the associate circuit court order denying leave to intervene and denying its motion to quash the garnishment, intervenor appealed to the circuit court by way of an application for a trial de novo. Upon trial de novo in the circuit court on February 29, 1984, Circuit Judge Sloan granted the intervention requested by intervenor and set the motion to quash garnishment for later hearing.

Plaintiffs then filed a motion for change of judge. Judge David Thomas was assigned by the Supreme Court to hear the case. An evidentiary hearing was held on December 13, 1984, which resulted in the judgment now before us on appeal.

There was evidence upon the December 13 hearing that the depositor of the garnished account was actually the intervenor. The name "Barter Systems, Inc." was a fictitious name under which intervenor promoted the practice of the exchange among consumers of goods and services without the use of cash. Intervenor was perhaps a franchisee of the judgment debtor, Barter Systems, Inc., which was an Oklahoma corporation.

█ At the conclusion of the hearing the judge said:

Based upon the evidence heard today, the Court does find that the Intervenor actually was the owner of the account which was garnished, that being account number 00096180 in the Mercantile Bank of Kansas City. That it was not the property of Barter Systems, Inc., an

Oklahoma corporation, but that finding notwithstanding—well, the Court would also find on your request for findings, that they had made a prima facia (sic) case in favor of its ownership of the garnished funds, that those funds were the property of Intervenor, and not the Defendant corporation. . . .

The Court, though, is going to overrule the motion for—motion to quash the garnishment. Basically, on the grounds that the Court finds that the motion was not timely filed, notwithstanding the action of Judge Sloan in allowing intervention. In my opinion, you have been allowed to intervene into a dead issue. And that was that the order of Judge Busch became final 10 days after entered. And the record indicates that that was done on September 27. The record further indicates, and there's been no dispute of it, that the motion to quash was not filed until October 14, which was more than 10 days after entry of the order.

The formal judgment was that "Intervenor's Motion to Quash Execution (sic) was untimely filed and therefore this Court lacks subject matter jurisdiction". The motion was "denied as untimely filed".[1]

The key question in this case is the finality of the September 27 order which directed the bank to pay the garnished funds to the court clerk and which also directed the court clerk upon receipt thereof to pay the same to plaintiff. Arguing that said judgment was final, plaintiff says the associate circuit court's jurisdiction of the case terminated after a 10-day period during which no application for trial de novo was filed or other authorized after-trial motion. Sec. 512.190, RSMo 1978. If the September 27 order was a final judgment, plaintiff's position is correct. *Jacobs v. McFadden,* 672 S.W.2d 380, 381 (Mo.App.1984); *State ex rel. Weisman v. Edwards,* 645 S.W.2d 732, 733 (Mo.App.1983); *Holly Investment Co.*

*v. City of Kansas City,* 450 S.W.2d 451, 453 (Mo.App.1970). It would follow that all purported judicial actions that followed would have been null and void, including Judge Sloan's order of February 29, 1984, sustaining intervenor's motion for leave to intervene. "Lack of jurisdiction over the subject matter of the litigation ... 'cuts back' of all other questions in the case and destroys all orders and judgments thereafter made in the case, 'root and branch'." *Hauser v. Burge,* 121 S.W.2d 314, 316 (Mo. App.1938). We would have no jurisdiction of intervenor's appeal and we would be obliged to dismiss the same, since our jurisdiction derives from that of the trial court. If the trial court did not have subject matter jurisdiction, we have no appellate jurisdiction. *United States v. Dickerson,* 101 F.Supp. 262, 272 (E.D.Mo.1952); *State ex rel. Townsend v. Mueller,* 330 Mo. 641, 51 S.W.2d 8, 13 (1932); *Cox Standard Station, Inc. v. Taylor,* 682 S.W.2d 193, 194 (Mo.App.1984).

Was the associate circuit court order of September 27 final? We hold it was not, for reasons we will now explain.

The final judgment in a garnishment case is the order directing the court clerk to pay out the garnished funds or property to the judgment creditor. *Baker v. Riss International Corporation,* 573 S.W.2d 404, 405 (Mo.App.1978); *Orf v. Computer Institute, Inc.,* 480 S.W.2d 73 (Mo.App.1972). The order directing the garnishee to pay or deliver the garnished funds or property to the court is interlocutory. *Linenschmidt v. Continental Casualty Co.,* 356 Mo. 914, 204 S.W.2d 295, 298 (1947); *Seiter v. Tinsley,* 479 S.W.2d 217, 218 (Mo.App.1972); *Rucking v. McMahon,* 76 Mo.App. 372 (1898).

The plaintiffs treat the September 27 order to the court clerk to pay the garnished funds to the plaintiff as final.

---

1. The terminology of the judgment before us is "denial" of the motion to quash, which is language appropriate to the exercise of jurisdiction, not to the denial thereof. We treat the judgment as a dismissal for want of jurisdiction, which is its legal effect. A dismissal for want of

jurisdiction is a final appealable judgment. *City of Cape Girardeau v. Robertson,* 615 S.W.2d 526 (Mo.App.1981); *State ex. rel. Fletcher v. New Amsterdam Casualty Co.,* 430 S.W.2d 642 (Mo. App.1968); *Dillen v. Remley,* 327 S.W.2d 931, 933 (Mo.App.1959).

That view prevailed with the associate circuit court which initially denied intervenor's motions to intervene and to quash garnishment (because more than 10 days had elapsed after the September 27 order and before the filing of the motions), and also with the special circuit court judge who upon trial de novo denied the motion to quash garnishment for lack of subject matter jurisdiction.

The September 27 order to the court clerk to pay out the garnished funds to the plaintiff, however, was conditional. It was not effectual as a present direction to the clerk at the time it was entered. The direction was to pay out the funds "when received". The receipt of the funds by the clerk, upon which the order to pay out was conditioned, was a future and an uncertain event. (The garnishment rules contemplate the obvious possibility that the garnishee might not obey the court's order of delivery or payment, by providing in such a case for a general judgment against the garnishee (Rule 90.17) with a general execution (Rule 90.19)). A judgment so conditioned is not a final judgment. *Beck v. Hoel-Steffen Construction Co.*, 586 S.W.2d 818, 819 (Mo.App.1979); *Phelps County Bank v. Modern Security Life Insurance Co.*, 586 S.W.2d 746, 747 (Mo.App.1979); *Wallace v. Hankins*, 541 S.W.2d 82, 83–84 (Mo.App.1976). It remains interlocutory. It follows that the associate circuit court retained jurisdiction at the time the intervenor's motions to intervene and to quash garnishment were filed. The circuit court had jurisdiction of the case upon trial de novo and the circuit court's sustention of the motion to intervene (Judge Sloan's order of February 29, 1984) was within its power. (Plaintiff does not contend that the order sustaining the motion to intervene was subject to any other infirmity than lack of subject-matter jurisdiction.)

We are enjoined upon appellate review to make an end to litigation if the record before us admits of it. *Steinzeig v. Mechanics and Traders Insurance Co.*, 297 S.W.2d 778, 780 (Mo.App.1957); *Axsom v. Thompson*, 239 Mo.App. 732, 197 S.W.2d 326, 331 (1946); § 512.160.3, RSMo 1978; Rule 84.14, Missouri Rules of Civil Procedure (17th ed. 1986). In this case the facts bearing upon the merits of the case were fully developed. *Lance v. Van Winkle*, 358 Mo. 143, 213 S.W.2d 401, 404–05 (1948); *Borrson v. Missouri-Kansas-Texas Railroad Co.*, 351 Mo. 229, 172 S.W.2d 835, 849–51 (1943). At the request of the intervenor, the trial court announced his finding upon the evidence that intervenor was the owner of the garnished bank account. There is no occasion for a new trial. It remains only to enter the correct judgment. *City-Wide Asphalt Co. v. City of Independence*, 546 S.W.2d 493, 498 (Mo.App.1976); *Eichelsbach v. Harding*, 339 S.W.2d 289, 298–99 (Mo.App.1960).

The judgment of the trial court is reversed. The cause is remanded to the trial court with directions to enter an order quashing the garnishment.

By our power to order supplementation of the record under Rule 81.12(e), we have learned that the garnished funds were paid out by the court clerk to the plaintiffs on November 1, 1983. The trial court is directed to enter judgment against plaintiffs in favor of intervenor in the amount of $3,308.02 together with interest from and after November 1, 1983, at the rate of 9 percent per annum. *See DeMayo v. Lyons*, 360 Mo. 512, 228 S.W.2d 691, 692–94 (1950); *State ex rel. Abeille Fire Insurance Co. v. Sevier*, 335 Mo. 269, 73 S.W.2d 361, 365–67 (Banc 1934); and to take such other action as may be consistent with this opinion.

All concur.