**Cecil F. O'DELL, Respondent,**

v.

**MECHANICAL TECHNOLOGY, INC., Dennis Patrick and William Bloodgood, Appellants.**

**No. WD 40019.**

Missouri Court of Appeals,
Western District.

Aug. 9, 1988.

Thomas M. Moore, and Donald E. Bucher of Gould & Moore, P.C., Kansas City, for appellants.

Jerome E. Brant & Nancy A. Norton, Liberty, for respondent.

Before TURNAGE, P.J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is an action in garnishment. The appeal is dismissed.

The pertinent facts are as follows:

Appellants Patrick and Bloodgood are the statutory trustees of Mechanical Technology, Inc. They became so as a result of the following events: On November 13, 1985, a consent judgment in the sum of $300,000.00 was entered against Mechanical Technology, Inc. That judgment acknowledged respondent's interest in the equipment, inventory claims, accounts receivable, and all personal property in Mechanical Technology, Inc. Under the judgment, said properties and interests were ordered delivered to respondent. There was no compliance by Mechanical Technology, Inc. with the delivery order. On July 14, 1987, respondent requested an order of execution garnishment or sequestration against Dennis Patrick and William Bloodgood as statutory trustees. In the interval between the consent judgment and the garnishment proceedings, Mechanical Technology, Inc. filed a Chapter 11 bankruptcy proceeding. The bankruptcy proceeding

was subsequently dismissed. The corporate charter of Mechanical Technology, Inc. was forfeited and appellants Patrick and Bloodgood became the statutory trustees of Mechanical Technology, Inc.

On August 14, 1987, respondent filed a motion seeking an order requiring immediate delivery of property subject to the garnishment order. A hearing was held on said motion. The trial court ordered appellants to deliver the property into the court.

Appellants filed this appeal contending the property in question is of no value and, thus, is not subject to garnishment. That issue is not resolved herein as it is not reached due to the disposition of this appeal.

The order of the trial court directing delivery of the property to the court was interlocutory and, hence, this appeal does not rest upon any final judgment. This court squarely ruled such question in *Hill, Lehnen & Driskill v. Barter Systems, Inc.*, 707 S.W.2d 484, 486 (Mo.App.1986) by declaring:

"The final judgment in a garnishment case is the order directing the court clerk to pay out the garnished funds or property to the judgment creditor. (citations omitted) The order directing the garnishee to pay or deliver the garnished funds or property to the court is interlocutory."

In the present case, the record discloses that the trial court merely ordered appellants to deliver to the court the garnished property. That order is interlocutory from which no appeal can be taken.

Appeal dismissed.

All concur.