Henry THOMPSON and Velva Thompson,
his wife, Plaintiffs-Appellants,

v.

Wallace HODGE and Mrs. Wallace Hodge,
his wife, whose true first name is unknown
to appellants, Defendants-Respondents.

No. 7922.

Springfield Court of Appeals.

Missouri.

June 14, 1961.

Maness & Maness, Doniphan, Ted M. Henson, Poplar Bluff, for plaintiffs-appellants.

No appearance for respondents.

RUARK, Judge.

This is an injunction case in which the plaintiffs, apparent winners in the court below, have appealed. Plaintiffs in the first count of their petition alleged that defendants had set up a sawmill on property adjoining and within a few feet of plaintiffs' residence, and so operated it, with floodlights and at unusual hours, as to make loud and unusual noises, allow sawdust in large quantities to be blown over upon plaintiffs' premises; discharge noxious gases, steam, vapors, cinders, dust, and ashes; drain water and offal upon plaintiffs; and so to injure the peace, health, safety, and enjoyment of plaintiffs and destroy their property. The prayer was that the nuisance be abated. In a separate second count the plaintiffs reiterated the injuries above mentioned and prayed for damages. See 14 Mo.L.Rev. 161. The issues being made up, the case was tried, and on *May 5, 1960*, the court rendered the following judgment:

"The Court finds for plaintiff on Count 1 of the petition and a permanent injunction granted restraining defendants from operating the mill at it's present location and from permitting sewage drainage onto plaintiffs' property. Defendants granted 30 days in which to abide by this judgment and if complied

with plaintiff is not entitled to any damages on Count No. 2, but *on failure of Defendants to comply with this decision plaintiffs shall be entitled to judgment of $1,000.00* on Count No. 2. Finding for plaintiffs on defendants counter-claim. Costs to be taxed to each party in equal shares."

On *June 7, 1960*, defendants filed a pleading entitled "Application for Extension of Time," wherein they prayed for forty-five days in which to discontinue the above operation because they had several orders "which it is very important that they fill," and stated that it would work a hardship on them to discontinue within the time ordered by the court.

On *June 30, 1960*, the court entered the following order:

"* * * the court orders that the defendants cease operation of the mill as of this date, and *upon their failure to do so the judgment of $1,000.00 becomes final.*"

On *July 8* the defendants filed a motion for new trial. On *July 7* the plaintiffs filed an appeal "from the order of the court modifying a decree dated May 5, 1960, and entered in this action on the 30th day of June, 1960." The plaintiffs-appellants are here on the record.

It is the appellants' contention that the motion to extend the time was neither a timely nor a proper motion, and that in any event the judgment of May 5 had become final, the court lost all jurisdiction to change or modify such judgment, and therefore the order of June 30 is void.

■ The general rule is that, with certain exceptions [1] with which we are not here concerned, a final judgment becomes fixed and beyond the reach of the trial court to change, amend, or modify after the expiration of thirty days (Rozell v. Rozell, Mo.App., 229 S.W.2d 700; Mitchell v. Dabney, Mo.App., 71 S.W.2d 165; State ex rel. Maple v. Mulloy, 322 Mo. 281, 15 S.W.2d 809; Rosbrugh v. Motley, Mo.App., 216 S. W.2d 165; State ex rel. Caplow v. Kirkwood, Mo.App., 117 S.W.2d 652; Supreme Court Rule 75.01, V.A.M.R.); [2] whereas interlocutory judgments are presumed to remain in the breast of the court, are not final, and are therefore usually subject to alteration. [3]

■ A general statement is: "(I)f that which remains to be done or decided will require the action or consideration of the court before the rights involved in the cause can be fully and finally disposed of, the decree is interlocutory; but it is none the less final if, after settling the equities, it leaves a necessity for some further action or direction of the court in execution of the decree as it stands." Black on Judgments, 2nd ed., vol. I, § 41, p. 60. [4]

1. Such as motions for amendment nunc pro tunc, motions for irregularities patent, motions in the nature of coram nobis.

2. There is in the body of the law considerable authority to the effect that, for good cause shown, a court of equity may modify its final decree for a permanent injunction even after term time. 43 C.J.S. Injunctions § 218, p. 956; 28 Am. Jur., Injunctions, § 316, p. 829; 68 A.L.R. 1180, anno.; 136 A.L.R. 765, anno. We have found no Missouri cases supporting this doctrine, and we do not find it necessary or advisable to either affirm or dispute it as a principle, because the pleadings in this case do not show any good cause for such modification.

The only reason the modification was sought was that the defendants had orders they wanted to fill.

3. 49 C.J.S. Judgments § 230a, p. 443; Black on Judgments, 2nd ed., vol. I, § 308, p. 470; Freeman on Judgments, 5th ed., vol. I, § 143, p. 279; Deickhart v. Rutgers, 45 Mo. 132; State ex rel. Potter v. Riley, 219 Mo. 667, 118 S.W. 647; Godefroy Mfg. Co. v. Lady Lennox Co., Mo.App., 110 S.W.2d 803; see Engel Sheet Metal Equipment, Inc., v. Shewman, Mo.App., 301 S.W.2d 856; State ex rel. Maple v. Mulloy, 322 Mo. 281, 15 S.W.2d 809, 812.

4. 4 C.J.S. Appeal and Error § 94a, p. 263; § 94c, p. 266; 30A Am.Jur., Judgments,

Following the general rule above stated, it would seem that generally conditional judgments are interlocutory only, because it would remain for the court to determine whether the conditions have been met before the equities could be settled.[5]

On the other hand, there are decisions, equally strong, which hold certain conditional decrees to be final judgments.[6]

■ The apparent conflict may be due partly to nomenclature and the application of too-general terms, so that a judgment is classified as all white or all black. Actually the very term "interlocutory judgment" is a technical misnomer, for if it is not final as to the issues determined it is not a "judgment" at all, merely an interlocutory order.[7]

■ There is no hard and fast rule for determining whether and when a judgment is final or interlocutory, and there are instances where the decree, although interlocutory in form and thus technically still under control of the court, is yet to be considered as final in its determination of substantial rights and thus may be considered as final in so far as modification or vacation is concerned.[8]

One distinction which has been made is whether or not the decree operates *in praesenti*.[9]

■■ It would seem to the writer that if on regular procedure and fair trial of the case the court fully determines the issues in accordance with the pleadings, even though there may be incidental or supplementary issues yet to be determined in order to attain full enforcement, and if the judgment purports to operate *in praesenti* to the extent of determination of the issues raised by the pleadings, then the judgment should be considered as "final" to the extent of adjudging the merits and thus immune from amendment, modification, or vacation after the expiration of thirty days. In this case, however, the question of damages which had been suffered was a pleaded issue in the case.[10] That issue was not determined but left dependent and contingent upon a future event or course of action which might or might not occur. The award of damages was not *in praesenti* but was to come into existence only upon certain contingencies which the court thereafter would necessarily have to determine to have occurred, and this, unless admitted, by the hearing of evidence on the subject. We must therefore hold that the May 5 judg-

§ 122, p. 241; Freeman on Judgments, 5th ed., vol. I, § 38, p. 63, et seq.; 30 C.J.S. Equity § 582, p. 975; In re Beauchamp's Estate, Mo.App., 184 S.W.2d 729; Hooper v. Wineland, Mo.App., 131 S.W.2d 232, 240; Boden v. Johnson, 224 Mo.App. 211, 23 S.W.2d 186; State ex rel. Potter v. Riley, 219 Mo. 667, 118 S.W. 647, 654, et seq.; see Koplar v. Rossett, 360 Mo. 1201, 233 S.W.2d 1; State ex rel. Maple v. Mulloy, 322 Mo. 281, 15 S.W.2d 809, 812.

5. 30 C.J.S. Equity § 582, p. 976; 49 C.J.S. Conditional Judgments § 73, pp. 192–193; 4 C.J.S. Appeal and Error § 96, p. 276; Freeman on Judgments, 5th ed., vol. I, § 40, p. 65; 30A Am.Jur., Judgments, § 938, p. 827; Hays v. Dow, 237 Mo. App. 1, 166 S.W.2d 309; State ex rel. Potter v. Riley, 219 Mo. 667, 118 S.W. 647, 655; Stone v. Boston, Mo.App., 218 S.W.2d 783.

6. Hurst Automatic Switch & Signal Co. v. Trust Co. of St. Louis County, 291 Mo. 54, 236 S.W. 58; Schneider v. Patton, 175 Mo. 684, 75 S.W. 155; Irwin v. Burgan, 325 Mo. 309, 28 S.W.2d 1017.

7. Barlow v. Scott, Mo., 85 S.W.2d 504, 519; Madison v. Sheets, Mo., 236 S.W. 2d 286.

8. 49 C.J.S. Judgments § 11a, p. 35; 30 C.J.S. Equity § 624a, p. 1025, et seq.; Bennett v. Cutler, Mo., 245 S.W.2d 900, 903.

9. See 30 C.J.S. Equity § 584, p. 977; Stone v. Boston, Mo.App., 218 S.W.2d 783, 787.

10. See Godefroy Mfg. Co. v. Lady Lennox Co., Mo.App., 110 S.W.2d 803.

ment was not final in the sense of being immune from modification.

But in cultivating around the roots of these two judgments we have plowed up a snake. Both judgments attempted to fix damages in the amount of $1,000, conditioned upon the failure of defendants to comply with the command of the injunction. The sum so conditionally awarded is palpably not for damages suffered up to the time of rendition of the decree but is a penalty for noncompliance in the future.

 In suits for damages because of nuisances, damages may be allowed for injuries suffered up to the time of commencement of suit,[11] or, if the suit be in equity for injunction with damages as an incident, up to the time of trial, that is, for damages already sustained.[12]

The only instances we think of without search where damages are awarded for injury which may be suffered in the future are those in which the nuisance is permanent and unabatable.[13] It is not contended that the nuisance involved in this case was unabatable, and in fact the decree itself contradicts any such thought.

 Even if the sum allowed be considered as exemplary damages (the allowance of which by an equity court is at least a matter of doubt,[14] and which, in any event, are allowable only if actual damages be found[15] and were not in this case claimed in the petition[16]), the award was *still* an attempt to fix a sum to be recovered for a wrong which might, or might not, be suffered in the future.

 It is not difficult to conclude that the trial judge, being wise in the affairs of men, and being anxious to reach substantial justice by a speedy termination of this litigation, chose this method of hanging a penalty in advance over the head of the defendants in order to secure compliance. In this, however, he was undone by the recalcitrance of the defendants, a situation which demonstrates once again that, in the law, shortcuts are often beset with snares and pitfalls. A court of equity has the power and the means with which to enforce its decrees.[17] But we know of no authority which permits such enforcement by the assessment of a penalty in advance.

 The issues in regard to the injunction have already been determined. There is no need to retry that issue. It

11. 66 C.J.S. Nuisances § 131, p. 935, § 171, p. 976; Pinney v. Berry, 61 Mo. 359, 367; Van Hoozier v. Hannibal & St. Joseph Railroad Co., 70 Mo. 145, 148; Frick v. Kansas City, 117 Mo.App. 488, 93 S.W. 351; Carson v. City of Springfield, 53 Mo.App. 289, 296; Ivie v. McMunigal, 66 Mo.App. 437, 441.

12. Sedgwick on Damages, 9th ed., vol. 4, § 1256i, p. 2585; 43 C.J.S. Injunctions § 217b(1), p. 953; 30 C.J.S. Equity § 72, pp. 425–426; 39 Am.Jur., Nuisances, § 174, p. 447; Scheurich v. Southwest Missouri Light Co., 109 Mo.App. 406, 84 S.W. 1003; Paddock v. Somes, 102 Mo. 226, 14 S.W. 746, 750, 10 L.R.A. 254; Downing v. Dinwiddie, 132 Mo. 92, 33 S.W. 470, 472.

13. 66 C.J.S. Nuisances § 140, p. 947, § 156, p. 963; Shelley v. Ozark Pipe Line Corporation, 327 Mo. 238, 37 S.W.2d 518, 75 A.L.R. 1316; Newman v. City of El Dorado Springs, Mo.App., 292 S.W.2d

314; Blackburn v. Gaydou, 241 Mo.App. 917, 245 S.W.2d 161, 170; Beetschen v. Shell Pipe Line Corp., Mo.App., 248 S.W. 2d 66, cases cited at loc. cit. 72.

14. Sedgwick on Damages, 9th ed., vol. 1, § 371, p. 727; 25 C.J.S. Damages § 117, p. 709; 30 C.J.S. Equity § 72, p. 426, § 599, p. 989; 66 C.J.S. Nuisances § 131, p. 936, 39 Am.Jur., Nuisances, § 174, p. 447; Bellerive Country Club v. McVey, 365 Mo. 477, 284 S.W.2d 492, 503.

15. Carnes v. Thompson, Mo., 48 S.W.2d 903; Adams v. St. Louis & S. F. R. Co., 149 Mo.App. 278, 130 S.W. 48; State ex rel. St. Joseph Belt Ry. Co. v. Shain, 341 Mo. 733, 108 S.W.2d 351; Cirese v. Spitcaufsky, Mo.App., 265 S.W.2d 753, 760.

16. Section 509.200 R.S.Mo.1959, V.A.M.S.; Supreme Court Rule 55.21.

17. See 30 C.J.S. Equity § 616, p. 1014, et seq.

would appear that the plaintiffs were entitled to some, at least nominal, damages. But both the judgments have left this portion of the relief prayed for up in the air. There is precedent for the proposition that we should not simply dismiss the appeal and leave the trial court and the parties at sea as to the future.[18] The cause is remanded with directions to determine the issue of damages, if any, suffered by plaintiffs up to the date of final decree, and thereafter to enter final judgment disposing of all the issues in the case. We think that, since this appeal has been occasioned by their recalcitrance, the costs of such should be assessed against the respondents. It is so ordered.

STONE, P. J., and McDOWELL, J., concur.

18. Stone v. Boston, Mo.App., 218 S.W.2d 783, 787.