**Hugh WALLACE and Amojean Wallace, his wife, Plaintiffs-Respondents,**

**v.**

**D. L. HANKINS and Viola Hankins, his wife, Defendants-Appellants.**

No. 9977.

Missouri Court of Appeals, Springfield District.

Aug. 31, 1976.

James K. Prewitt, Prewitt, Jones & Karchmer, Springfield, for plaintiffs-respondents.

Joe R. Ellis, Cassville, for defendants-appellants.

Before STONE, P. J., and HOGAN and TITUS, JJ.

TITUS, Judge.

Plaintiffs' petition (Count I) sought specific performance of a 1954 contract to convey real estate and (Counts II and III) actual and punitive damages because defendants' averred breach of contract allegedly served to cloud plaintiffs' title and subjected them to certain enumerated damages. Defendants answered and counterclaimed in ejectment.

After a bench trial, the court nisi in February 1974 entered a purported judgment that if on or before 1 May 1974 plaintiffs would pay defendants $634.07, together with 7% interest "from November 26, 1964," and an unspecified amount of money defendants had expended from 1954 for real estate taxes and insurance premiums on the property, then defendants "are hereby ordered to execute and deliver a Warranty Deed to [plaintiffs], and if [plaintiffs] comply with the aforementioned conditions then [defendants'] suit in ejectment shall be dismissed . . .. However, if [plaintiffs] fail to comply with the aforementioned conditions on or before May 1, 1974, then [defendants] shall be entitled to possession of the premises . . . and they shall be sustained in their ejectment action against [plaintiffs] . . .."

The parties could not agree upon the amount of taxes and premiums defendants had paid. A year later the court conducted

a hearing on the subject. In February 1975 a "Record Entry" was made finding that defendants had paid $249.50 in premiums and taxes. Continuing, the "Record Entry" recited that "if the plaintiffs shall pay the defendants this sum together with interest per annum from 1954 through 1974 within 30 days hereof and shall comply with the conditions heretofore set out in the Court's order of February 27, 1974, within 30 days hereof, then the defendants shall convey the property in question to plaintiffs as set out in the Court's order of February 24 [sic], 1974."

■ Defendants' after-trial motions were overruled 27 February 1975 and they filed notice of appeal "from the judgment of the court entered in this action on the 27th day of February, 1975." There was no judgment entered on 27 February 1975—only the order overruling defendants' motions which was a nonappealable order. *Cox v. Lee*, 530 S.W.2d 273, 274 (Mo.App.1975). Nevertheless, we will consider the notice as a good faith effort to appeal from a final, appealable judgment if there be one in this case. *World Franchisers, Inc. v. Birk*, 456 S.W.2d 606, 607[2] (Mo.App.1970).

■ "The right of appeal shall be as provided by law" (Rule 81.01, V.A.M.R.) and in civil actions the right is governed by § 512.020, V.A.M.S. To be ripe for appeal, a judgment or decree must finally dispose of all issues raised by the pleadings [*Wile v. Donovan*, 514 S.W.2d 177, 178[2] (Mo.App. 1974)], and must constitute a final disposition of the cause. *Johnson v. Great Heritage Life Insurance Co.*, 490 S.W.2d 686, 689[2] (Mo.App.1973). If an intended judgment does not dispose of all issues and all parties in the case or does not form a final disposition of the matter, it is not a final, appealable judgment and we have no jurisdiction to entertain an attempted appeal therefrom. Even though none of the parties has objected to this court's jurisdiction, it is our duty to notice any such objection ex mero motu. *Altman v. Werling*, 509 S.W.2d 787 (Mo.App.1974); *Starnes v. Aetna Casualty and Surety Company*, 503 S.W.2d 129, 130–131[1] (Mo.App.1973).

■ The purported judgments and decrees entered in February 1974 and February 1975, supra, are anomalous because, taken separately or collectively, they constitute conditional and alternative judgments. Under the first purported judgment, plaintiffs were to have specific performance under Count I of the petition conditioned upon their performance of certain acts to be done in the future, id est, if plaintiffs, by a given future date, paid defendants certain sums of moneys, some known and some unknown. In the alternative, the decree provided if plaintiffs did not perform these future acts within the time specified, then and in such event plaintiffs would not be given the relief asked and defendants' suit in ejectment would be sustained. The second purported judgment only succeeded in making determination of the moneys due defendants for taxes and insurance and in extending the time the future acts expected of plaintiffs were to be performed or the alternative decree was to become effective in the event plaintiffs defaulted. Neither of the so-called judgments or decrees undertook any disposition of the issues raised by Counts II and III of plaintiffs' petition. Of course, if the February 1974 decree was, in fact, a final, appealable judgment, it would appear that the trial court lost control of the matter long before the February 1975 hearing, that the court nisi then had no jurisdiction of the litigation, and that defendants' notice of appeal (not filed until March 1975) was extremely tardy and out of time.

■ A conditional judgment or decree is one whose enforcement is dependent on the performance of future acts by a litigant and is to be annulled if default occurs. An alternative judgment or decree is for one thing or another but does not declare in a definitive matter which alternative will ultimately prevail. Conditional and alternative judgments and decrees are wholly void as they do not perform in praesenti and leave to speculation and conjecture what their final effect may be. In other words, under conditional or alternative judgments and decrees, the final resolution of the

cause is consigned to the accomplishment vel non of future acts whose actual performance or nonperformance are matters dehors the record. *Burger v. Burger*, 481 S.W.2d 632, 634[2] (Mo.App.1972); *Stone v. Boston*, 218 S.W.2d 783, 787[6] (Mo.App. 1949); 30A C.J.S. Equity § 584, p. 651; 49 C.J.S. Judgments §§ 73 and 74, pp. 192–194. The same applies to conditional judgments entered on conditional verdicts. *MFA Cooperative Ass'n of Ash Grove v. Elliott*, 479 S.W.2d 129, 134[10] (Mo.App.1972). In situations such as we have here, the proper procedure is for the trial court to require plaintiffs to bring into court "the price of its decree," that is, to bring into court for the use of the defendants the money due them under the contract as a condition precedent to the granting of the relief. *J. E. Blank v. Lennox Land Co.*, 351 Mo. 932, 959, 174 S.W.2d 862, 869–870[17] (banc 1943); *Priest v. Oehler*, 328 Mo. 590, 604, 41 S.W.2d 783, 789[14] (1931). Since there has been no judgment or decree in praesenti rendered, there is no final, appealable judgment or decree in the case. *Thompson v. Hodge*, 348 S.W.2d 11, 14[8] (Mo.App.1961). Until such time as the trial court renders a final, appealable judgment and decree, any appeal is premature and must be dismissed. *Rakestraw v. Norris*, 469 S.W.2d 759, 761[3] (Mo.App.1971). The appeal herein is ordered dismissed.

### Addendum

By letter we are advised that D. L. Hankins, an appellant in this case, has expired. The capacity to be a party appellant or a party litigant reposes only in parties in being [*First Community State Bank v. Newhart*, 507 S.W.2d 958, 959 (Mo.App. 1974)] and the chancellor, in preparing any final, appealable judgment in this cause should take cognizance of that fact.

All concur.