Clyde FREY and Dovie Frey, Plaintiffs-Respondents,

v.

James Edward GABEL, Defendant-Appellant.

No. 11019.

Missouri Court of Appeals, Springfield District, Division One.

Nov. 20, 1978.

W. H. Thomas, Jr., Routh, Thomas, Birdsong & Hutton, Rolla, for plaintiffs-respondents.

Jay V. White, Rolla, for defendant-appellant.

TITUS, Presiding Judge.

Defendant appeals from the March 23, 1978, judgment of the Circuit Court of Phelps County declaring that "plaintiff, Clyde Frey, have and recover of said defendant, . . ., the sum of One Thousand Four Hundred Fifty Dollars" et cetera. On November 3, 1978, plaintiffs Clyde Frey and Dovie Frey filed in this court their "Application for Damages for Frivolous Appeal."

A comparison of the caption appearing on the notice of appeal and the application with the purported judgment recited in the notice, gave us concern as to whether there was a final appealable judgment in the matter and, whether this court possessed jurisdiction to entertain the application.

Pursuant to Rule 84.03, V.A.M.R., we required the circuit clerk to provide us with a certified copy of the judgment in the cause. As our suspicions suggested, the judgment actually rendered and entered did not undertake to nor did it dispose of the purported claim or claims of plaintiff Dovie Frey against the defendant.

This court, sua sponte, is obliged to examine the record on appeal to ensure that it has appellate jurisdiction. Appellate review is purely a creature of statute (§ 512.020, V.A.M.S.) and unless the judgment appealed from disposes of all parties and all issues we have no jurisdiction in the matter and no choice but to dismiss the appeal as being premature. *Mitchell v. Commercial Standard Ins. Co.*, 565 S.W.2d 184, 185[1] (Mo.App.1978); *Southwest By-Products, Inc. v. Stubblefield*, 564 S.W.2d 360[1, 2] (Mo.App.1978).

It is clear that plaintiff Dovie Frey, whether or not the wife of plaintiff Clyde Frey, was a party to the suit when it was instituted and that the judgment nisi did not dispose of her claim or claims whatever it or they may be. Under such circumstances we have no alternative but to dismiss the appeal. *Jones v. Washburn*, 560 S.W.2d 604, 606[3] (Mo.App.1978). Also, because we have no jurisdiction of the appeal, we likewise have no jurisdiction to entertain the application and it is also dismissed.

FLANIGAN, C. J., and STONE, J., concur.