**PHELPS COUNTY BANK,**
**Plaintiff-Respondent,**

v.

**MODERN SECURITY LIFE**
**INSURANCE COMPANY,**
**Defendant-Appellant.**

**No. 11050.**

Missouri Court of Appeals,
Southern District,
En Banc.

Sept. 4, 1979.

Stephen S. Duncan, Lorch & Ramshur, Piedmont, for plaintiff-respondent.

W. H. Thomas, Jr., Routh, Thomas, Birdsong & Hutton, Rolla, for defendant-appellant.

PER CURIAM:

Plaintiff, as assignee of an insurance policy insuring the life of one Winfred Jenkins, sued defendant, the alleged insurer, for "judgment that said policy of insurance be adjudged to be in full force and effect and a valid and binding contract upon defendant." Following trial to the court and after entering its "Findings of Fact, Conclusions of Law and Order," the trial court on April 27, 1978, entered "Judgment", the concluding paragraphs of which read: "WHEREFORE, It Is Ordered, adjudged and decreed by the Court that defendant's policy of insurance number 118047 insuring the life of Winfred Jenkins is adjudged in full force and effect and a valid and binding contract upon defendant, *conditioned upon payment by plaintiff to defendant of One Thousand Five Hundred Thirty-Nine Dollars* ($1,539.00) *for premiums for coverage through May 6, 1978. IT IS FURTHER ORDERED that the above described payment by plaintiff to defendant must be tendered by Cashier's check through the Clerk of this Court within Thirty (30) days following the date of this Order.* Costs taxed against defendant." (Our emphasis).

Defendant appealed from the foregoing "Judgment Order" under date of May 25, 1978. However, through a series of motions for extension of time granted in the trial

court and this court, the transcript on appeal (consisting of only 122 pages) was not filed here until August 3, 1979.

"The right of appeal shall be as provided by law." Rule 81.01, V.A.M.R. As apropos here, § 512.020, RSMo 1978, V.A.M.S., gives an aggrieved party the right to appeal only "from any final judgment in the case," and this court, sua sponte, is obligated to determine if such a judgment has been entered and, if not, to dismiss the appeal as premature. *Frey v. Gabel*, 574 S.W.2d 38, 39[1, 2] (Mo.App.1978).

*Nota bene* that the purported judgment, supra, declaring the insurance policy to be in full force and effect, was expressly conditioned upon plaintiff, within 30 days thereafter, paying defendant $1,539 via a cashier's check through the office of the circuit clerk. The conditions imposed were something plaintiff may or may not have done depending upon its personal desires, caprice or whim. The "judgment" of the court did not operate *in praesenti* for it was not to become operative unless and until the occurrence of the conditions stated therein. Ergo, the order cannot be treated as a final judgment since it did not operate *in praesenti* as a final determination of the issues. *Ravenscroft v. Ravenscroft*, 585 S.W.2d 270 (Mo.App., Western District 1979); *Thompson v. Hodge*, 348 S.W.2d 11, 14 (Mo.App. 1961); *Stone v. Boston*, 218 S.W.2d 783, 787[6] (Mo.App.1949); *Hays v. Dow*, 237 Mo.App. 1, 7[3], 166 S.W.2d 309, 312[3] (1942); 4 C.J.S. Appeal and Error § 96, p. 276; 30A C.J.S. Equity § 584, p. 651; 49 C.J.S. Judgments § 73, pp. 192–193; cf. *MFA Cooperative Ass'n of Ash Grove v. Elliott*, 479 S.W.2d 129, 134[12–14] (Mo.App. 1972).

Wherefore, the cause is remanded for issuance of a final judgment dependent upon the compliance vel non of plaintiff relative to the conditions imposed by the order aforesaid. Upon entry of a final judgment by the court nisi, the aggrieved party may then appeal if desired.

All concur, except PREWITT, J., dissents and files dissenting opinion.

PREWITT, Judge, dissenting.

I respectfully dissent.

I believe that the judgment, although conditional in nature, disposed of all issues, and the appeal here gives us jurisdiction.

The authorities cited in the principal opinion support my belief. *Thompson v. Hodge*, 348 S.W.2d 11, 14 (Mo.App.1961) recognizes that "there are decisions, equally strong, which hold certain conditional decrees to be final judgments", citing *Hurst Automatic Switch & Signal Co. v. Trust Co. of St. Louis County*, 291 Mo. 54, 236 S.W. 58 (1921); *Schneider v. Patton*, 175 Mo. 684, 75 S.W. 155 (1903); and *Irwin v. Burgan*, 325 Mo. 309, 28 S.W.2d 1017 (1930). The latter two cases both held decrees similar to the present to be final as having determined the substantial merits of the controversy. The principal opinion also cites 4 C.J.S. Appeal & Error § 96. It states at 277:

"The mere fact that a decree provides for the payment of money by the successful party as a method for the execution of the decree does not render it conditional so as not to be appealable."

49 C.J.S. Judgments § 73 at 193 indicates that "modern practice" no longer holds conditional judgments void, especially where equitable relief is awarded.

The trial court by conditioning its decree upon the payment of money into court appears to follow the procedure suggested in *Priest v. Oehler*, 328 Mo. 590, 41 S.W.2d 783 (1931), and reiterated in *Wallace v. Hankins*, 541 S.W.2d 82 (Mo.App.1976). Based on such cases, the trial judge may have felt he had to order the money paid into court to have a final judgment. By remanding to determine if the payment is made, this court is holding that such payment is a condition precedent to a final judgment. I don't agree that we should so hold. While the circumstances of the present case may have justified it, the practice of requiring the prevailing party to pay a sum of money into court prior to final judgment can create an unnecessary hardship. That party may be deprived of the use of the money and yet not have the relief requested, such as good title to property, until after trial

motions are ruled and an appeal concluded. If the trial court is reversed, the party may receive back the money with little or no return. I believe requiring such deposits before a decree is final, in many cases, serves no purpose, is impractical, and should not be required. After the decree is final, the court can take further action as is necessary in execution of its decree. *Thompson v. Hodge*, supra, 348 S.W.2d at 13.

Even if we hold that the condition must be met before the judgment is final, the cause need not be remanded. If additional documentation is needed from the trial court's records, it can be supplied by use of Rule 81.12(c), V.A.M.R. We can thus determine if the condition in the decree has been met. If so, the judgment is final as no further action of the trial court is necessary or required.

There is authority that conditional judgments are final, and authority that they are not. Unless we have no choice, we should not now remand this appeal and cause additional time and expense to the parties, their attorneys, and the courts. The transcript indicates that the judgment determined all the issues between the parties. We have before us, or can easily obtain, all necessary information to review the decision. The practical and expedient solution is to retain jurisdiction and dispose of the case on the merits.