David W. BECK and Wilma J. Beck, Plaintiffs-Respondents,

v.

HOEL-STEFFEN CONSTRUCTION COMPANY, a corporation, Defendant-Appellant.

No. 11055.

Missouri Court of Appeals, Southern District, Division I.

Sept. 5, 1979.

Joe W. Collins, Stockton, for plaintiffs-respondents.

Joseph A. Bohrer, Neale, Newman, Bradshaw & Freeman, Springfield, for defendant-appellant.

PER CURIAM:

Plaintiffs brought an action for specific performance for the conveyance of certain real property in Cedar County, Missouri. After hearing, the trial judge entered a "judgment and decree" in plaintiffs' favor if plaintiffs, within ten days of the order, pay the balance of the purchase price into court. This order also required defendant, within ten days from the deposit, to execute a deed to the property and to pay into court for plaintiffs, a pro rata part of the property taxes. The judgment and decree further provided that: "Upon plaintiffs complying with the terms of this decree plaintiffs shall be the owners of the real estate herein described and upon defendant complying therewith, defendant shall be entitled to take down the cash consideration hereby ordered put up by plaintiffs." The transcript does not disclose whether any of the conditions· were met and contains no further orders of the court.

Defendant appealed from that order. We are obligated to determine if this is a final judgment and if not, we do not have jurisdiction to proceed. *Frey v. Gabel*, 574 S.W.2d 38, 39 (Mo.App.1978).

The purported judgment conditioned the rights of the parties upon compliance with certain provisions therein stated. Thus, it was not a final judgment. If plaintiffs did not comply, then they do not receive the relief sought. Orders which do not become operative unless and until the occurrence of conditions are not final for the purposes of

appeal. *Phelps County Bank v. Modern Security Life Insurance Co.*, 586 S.W.2d 746 (Mo.App.1979); *Ravenscroft v. Ravenscroft,* 585 S.W.2d 270 (Mo.App.1979); *Wallace v. Hankins,* 541 S.W.2d 82 (Mo.App. 1976).

This cause is remanded for issuance of a final judgment dependent upon the compliance of the conditions imposed by the court's order above referred to. Upon entry of a final judgment, the aggrieved party may then wish to appeal.

All concur.