Ralph SHELTON and Georgia Lou Shelton, Plaintiffs-Respondents,

v.

Mae JULIAN and Dallas Julian, Jr., Defendants-Appellants.

No. 11272.

Missouri Court of Appeals, Southern District, En Banc.

Jan. 3, 1980.

W. Robert Cope, Summers, Cope & Walsh, Poplar Bluff, for plaintiffs-respondents.

Robert H. Jones, Kennett, C. W. Knauts, Piggott, Ark., for defendants-appellants.

PER CURIAM.

Plaintiffs sought specific performance of a contract to convey real estate. After trial the court entered a "judgment" ordering "that upon the payment by plaintiffs, . . . to the defendant, . . . the sum of Seventeen Thousand Dollars ($17,000.00), the defendants . . . shall execute to plaintiffs a deed . . . ." No provision was made to have the money paid into court and no time limit set on the payment. The transcript contains no further orders and does not disclose whether payment was made.

Defendants appealed from the "judgment". If it was not a final judgment, we do not have jurisdiction to proceed. *Frey v. Gabel*, 574 S.W.2d 38 (Mo. App.1978). The order to convey the property was conditioned "upon" the payment of $17,000. As the purported judgment required defendants to convey only when the payment occurred, it was a conditional order. Orders which do not become operative until the occurrence of conditions are not final for the purposes of appeal. *Beck v. Hoel-Steffen Construction Company*, 586 S.W.2d 818 (Mo.App.1979). The proper procedure is to require the plaintiffs to pay into court for the use of defendant the money due as a condition precedent to the granting of relief. *Wallace v. Hankins*, 541 S.W.2d 82 (Mo.App.1976). After the money is deposited with the court, the court can then order that defendants convey the property or that title pass to plaintiffs without any act being necessary on the part of defendants. Rule 74.20, V.A.M.R.

The cause is remanded for issuance of a final judgment.

All concur.