William **SCHROFF** d/b/a R & S Coatings, Respondent,

v.

David L. **SMART**, Jr., Defendant,

and

**TEC, LLC**, Appellant.

No. WD 58924.

Missouri Court of Appeals, Western District.

April 16, 2002.

Theodore C. Beckett, III, and Jeffrey M. Hensley, Kansas City, for Appellant.

Eugene J. Twellman and Stuart K. Shaw, Kansas City, for Respondent.

Leonard L. Wagner, Kansas City, for Defendant.

Before EDWIN H. SMITH, P.J., and HOWARD and HOLLIGER, JJ.

PER CURIAM.

■ Lessee, William Schroff, filed suit seeking, among other things, specific performance of a right of first refusal contained in his lease whereby he was to have the first opportunity to purchase the leased premises if lessor, David Smart, decided to sell the property.[1] In spite of Schroff's lawsuit, Smart sold the property to a third party, TEC, LLC, which agreed to indemnify Smart with regard to any claims Schroff had on the lease. Other cases ensued. The trial court entered a summary judgment in Schroff's favor on Count I of Schroff's petition for specific performance of his right of first refusal. The court declared Smart's transfer of the property to TEC null and void. TEC appeals.[2]

Because the trial court's judgment is conditional and therefore not final, we dismiss the appeal.

**Conditional Judgment**

■ The dispute over this property led to the filing of several cases, which were consolidated by the trial court. The trial court specifically limited its summary judgment at issue to Count I of Schroff's first case "with the express determination that there [was] no just reason for delay and with the intention that [it was] a final judgment on this claim under Count I." Rule 74.01(b).[3] Specifically, the trial court's judgment ordered as follows:

Plaintiff William Schroff is entitled to Specific Performance of the Right of First Refusal contained in paragraph 31 of the Commercial and Industrial Lease Agreement. Therefore, the Court does hereby ORDER and DIRECT that the Defendant David L. Smart, Jr. shall sell the Property commonly known and located at 1211 W. 27th St., Kansas City, Missouri, for the purchase price under the Commercial and Industrial Real Estate Sale Contract between David L. Smart, Jr. and TEC, L.L.C. entered into on August 28, 1998; and upon payment of the purchase price by Plaintiff William Schroff, Defendant David L. Smart shall execute and deliver a warranty deed evidencing clear title to the Property to the Plaintiff William Schroff; all of the above to occur within forty-five (45) days from the date of this order. Pursuant to this order, the Plaintiff William Schroff's right to purchase the

1. As explained by the Missouri Supreme Court, a right of first refusal, also referred to as a "pre-emption right":

"requires the owner, when and if he decides to sell, to offer the property first to the person entitled to the pre-emption, at the stipulated price. Upon receiving such an offer, the pre-emptioner may elect whether he will buy. If he decides not to buy, then the owner of the property may sell to anyone."

*Beets v. Tyler*, 365 Mo. 895, 902, 290 S.W.2d 76, 81 (1956) (quoting American Law of Property, Vol. VI, § 26.64 at 507).

2. Schroff moved to dismiss TEC's appeal on the grounds that TEC lacks standing to appeal under § 512.020 RSMo 2000 and that the appeal is moot. Because we must dismiss the appeal for lack of a final judgment, we do not reach that issue.

3. Rule references are to the Missouri Rules of Civil Procedure (2000).

property shall expire if Plaintiff William Schroff is unable to procure certified funds in the amount of the purchase price on or before 12:00 p.m. (noon) on August 14, 2000.

It is further ORDERED, ADJUDGED, and DECREED that any and all sales, transfers, levies, or liens entered into or executed by Defendant Smart with regard to the Property commonly known as 1211 W. 27th St., Kansas City, Missouri, from the time that Plaintiff Schroff received the Right of First Refusal under the Commercial and Industrial Lease Agreements of 1985 and 1988 until the present, are hereby declared NULL and VOID.

It is further ORDERED that all parties shall act in good faith to comply with this Order and to honor the Plaintiff Schroff's right of first refusal. The Plaintiff Schroff and Defendant Smart shall fully cooperate with each other and their agents to complete said purchase and sale within the above time constraints, and Defendant shall provide Plaintiff Schroff or any title insurance company employed by Schroff with any and all documentation and information necessary to permit procurance of the funds and a closing on the sale and purchase on or before August 14, 2000.

As explained below, due to the conditional nature of the trial court's judgment, this court lacks jurisdiction to address TEC's points on appeal.

■■■ This court has a duty, *sua sponte*, to determine its jurisdiction. *Wallace v. Hankins*, 541 S.W.2d 82, 84 (Mo. App.1976). Without jurisdiction to review an appeal due to the lack of a final judgment, we must dismiss it. *Id.* Missouri appellate courts have long recognized that conditional judgments "which do not become operative unless and until the occurrence of conditions are not final for pur-

poses of appeal." *Beck v. Hoel–Steffen Constr. Co.*, 586 S.W.2d 818, 818–19 (Mo. App. S.D.1979). The following three examples of judgments found to be conditional and therefore not final for purposes of appeal, with added emphasis on the conditional nature of the judgments, aid in our discussion of the issue:

*Example 1:* In *Beck,* 586 S.W.2d at 818, the Southern District described the trial court's judgment therein as finding:

in plaintiffs' favor *if* plaintiffs, within ten days of the order, [paid] the balance of the purchase price into court. [The judgment] also required defendant, *within ten days from the deposit,* to execute a deed to the property and to pay into court for plaintiffs, a pro rata part of the property taxes. The judgment and decree further provided that: "*Upon* plaintiffs complying with the terms of this decree plaintiffs shall be the owners of the real estate [t]herein described and *upon* defendant complying therewith, defendant shall be entitled to take down the cash consideration hereby ordered put up by plaintiffs." The transcript [did] not disclose whether any of the conditions were met and contain[ed] no further orders of the court.

(Emphasis added.)

*Example 2:* In *Wallace,* 541 S.W.2d at 83, the Springfield district described the trial court's "purported" judgment therein as ordering that:

*if* on or before 1 May 1974 plaintiffs would pay defendants $634.07, together with 7% interest 'from November 26, 1964,' and an unspecified amount of money defendants had expended from 1954 for real estate texes [sic] and insurance premiums on the property, *then* defendants 'are hereby ordered to execute and deliver a Warranty Deed to (plaintiffs), and *if* (plaintiffs) comply with the aforementioned conditions *then*

(defendants') suit in ejectment shall be dismissed.... *However, if* (plaintiffs) *fail to comply with the aforementioned conditions on or before May 1, 1974, then* (defendants) *shall be entitled to possession of the premises* ... *and they shall be sustained in their ejectment action against* (plaintiffs)....'

(Emphasis added.)

*Example 3:* In *Shelton v. Julian,* 592 S.W.2d 551, 552 (Mo.App. S.D.1980), the Southern District described the conditional judgment therein as follows:

> After trial the court entered a "judgment" ordering "that *upon* the payment by plaintiffs, .. [sic] to the defendant, ... the sum of Seventeen Thousand Dollars ($17,000.00), the defendants ... shall execute to plaintiffs a deed...." No provision was made to have the money paid into court and no time limit set on the payment. The transcript contain[ed] no further orders and [did] not disclose whether payment was made.

(Emphasis added.)

We turn to the trial court's judgment in the case now before us, which is set forth above. The following relevant portion of the trial court's judgment, as emphasized, demonstrates its conditional nature:

> [T]he Court does hereby ORDER and DIRECT that the Defendant David L. Smart, Jr., shall sell the Property ...; and *upon payment* of the purchase price by Plaintiff, ... *Smart shall execute and deliver* a warranty deed evidencing clear title to the Property to the Plaintiff William Schroff; *all of the above to occur within forty-five (45) days from the date of this order.* Pursuant to this order, the Plaintiff William Schroff's right to purchase the property *shall expire if* Plaintiff William Schroff is unable to procure certified funds in the amount of

the purchase price on or before 12:00 p.m. (noon) on August 14, 2000.

(Emphasis added.) The order for Smart to convey the property is conditioned "upon" Schroff's payment of the purchase price on or before August 14, 2000.[4] Although this judgment varies from that in *Shelton* in that time limits were set on the payment, it is similar to the judgment in *Shelton* in that the trial court's judgment required Smart to convey the property only when Schroff's payment occurred; it was a conditional order that was not final for purposes of appeal. *Shelton,* 592 S.W.2d at 552. Likewise, in *Beck,* "[t]he purported judgment conditioned the rights of the parties upon compliance with certain provisions therein stated. Thus, it was not a final judgment. If plaintiffs did not comply, then they [did] not receive the relief sought." 586 S.W.2d at 818. Here, the trial court's judgment conditionally describes the rights of the parties and the technicalities of how the sale is to occur or not occur if the right of first refusal is or is not exercised. It is clearly conditional.

### Conclusion

We lack jurisdiction to review the trial court's conditional judgment and order it dismissed.

---

**4.** TEC filed its notice of appeal on August 14, 2000.