**In the Interest of D.T.**

**No. ED 85620.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 22, 2005.

---

5.  In light of our dismissal, the juvenile officer's motion to strike parts of the legal file and its motion to remand the cause to the trial court for determination of un-adjudicated contested factual issues are denied as moot.

John J. Smith, St. Charles, MO, for respondent.

Lynn M. Travis, O'Fallon, MO, respondent acting pro se.

Jeffrey M. Skoglund, St. Charles, MO, for appellant.

Anthony D. Linson, St. Peters, MO, Guardian ad litem for juvenile.

## OPINION

GLENN A. NORTON, Chief Judge.

St. Charles County appeals the trial court's order requiring it to pay attorney fees for the attorney appointed to represent Mother in a juvenile case involving neglect allegations. We dismiss the appeal.

## I. BACKGROUND

The juvenile officer filed a petition against Mother under section 211.031 RSMo 2000[1] of the juvenile code, and the court appointed counsel to represent Mother. In August 2004, the juvenile court entered an order requiring the County to pay counsel's attorney fees under section 211.211. About a month later, the County filed a motion to intervene for the limited purpose of resolving whether a parent's attorney fees should be paid from County funds. It also filed a motion to reconsider, vacate, or amend the court's August 2004 order. The County did not provide notice to the juvenile officer of its motion to intervene or of its motion to reconsider, vacate, or amend.

The juvenile court granted the County's motion to intervene. The County filed a

"Notice of Hearing" on its motion to reconsider, vacate, or amend, but did not provide notice to the juvenile officer. Thereafter, the juvenile officer filed a motion to dismiss any and all motions, actions and/or pleadings filed by the County regarding payment of attorney fees based, in part, on the County's failure to provide notice to the juvenile officer and other parties to the proceeding. In December 2004, the juvenile court granted that motion to dismiss, but allowed the County fifteen days to re-file or file other appropriate pleadings. It also stated that all necessary parties shall be served in the event the County re-files or files other pleadings. On the same day, the County filed its notice of appeal relating to the August 2004 order with this Court.[2]

## II. DISCUSSION

The juvenile officer argues that we do not have jurisdiction over this appeal. We agree for the same reasons articulated in *In re C.D.*, ED 85621, 176 S.W.3d 730 (Mo.App.E.D. November 22, 2005), also handed down today. The trial court's order was not denominated a judgment, as required by Rule 74.01(a), and did not dispose of all issues in the case. Accordingly, we dismiss this appeal for lack of jurisdiction.

## III. CONCLUSION

The appeal is dismissed.[3]

LAWRENCE E. MOONEY, J. and BOOKER T. SHAW, J., concurring.

---

1. All statutory references are to RSMo 2000.

2. The table of contents to the legal file indicates that the County also re-filed its motion to reconsider, vacate, or amend the juvenile court's order and its motion to intervene on that day. But the copies of each motion

included in the legal file do not contain a date stamp.

3. In light of our dismissal, the juvenile officer's motion to strike parts of the legal file and its motion to remand the cause to the