176 S.W.3d 730 (2005)
In the Interest of C.D.
No. ED 85621.
Missouri Court of Appeals, Eastern District, Division Three.
November 22, 2005.
*731 John J. Smith, St. Charles, MO, for respondent.
Lynn M. Travis, O'Fallon, MO, respondent acting pro se.
Jeffrey M. Skoglund, St. Charles, MO, for appellant.
Anthony D. Linson, St. Peters, MO, Guardian ad litem for juvenile.

OPINION
GLENN A. NORTON, Chief Judge.
St. Charles County appeals the trial court's order requiring it to pay attorney fees for the attorney appointed to represent Mother in a juvenile case involving neglect allegations. We dismiss the appeal.

I. BACKGROUND
The juvenile officer filed a petition against Mother under section 211.031 RSMo 2000[1] of the juvenile code, and the court appointed counsel to represent Mother. In August 2004, the juvenile court entered an order requiring the County to pay counsel's attorney fees under section 211.211. About a month later, the County filed a motion to intervene for the limited purpose of resolving whether a parent's attorney fees should be paid from County funds. It also filed a motion to reconsider, vacate, or amend the court's August 2004 order. The County did not provide notice to the juvenile officer of its motion to intervene or of its motion to reconsider, vacate, or amend.
The juvenile court granted the County's motion to intervene. The County filed a "Notice of Hearing" on its motion to reconsider, vacate, or amend, but did not provide notice to the juvenile officer. Thereafter, the juvenile officer filed a motion to dismiss any and all motions, actions and/or pleadings filed by the County regarding payment of attorney fees based, in part, on the County's failure to provide notice to the juvenile officer and other parties to the proceeding. In December 2004, the juvenile court granted that motion to dismiss, but allowed the County fifteen days to re-file or file other appropriate pleadings. It also stated that all necessary parties shall be served in the event the County re-files or files other pleadings. On the same day, the County filed its notice of appeal relating to the August 2004 order with this Court.[2]

II. DISCUSSION
The juvenile officer argues that we do not have jurisdiction over this appeal. We agree.
Rule 74.01(a)[3] establishes a brightline test as to when a writing is a judgment. City of St. Louis v. Hughes, 950 *732 S.W.2d 850, 853 (Mo. banc 1997). It provides:
"Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed. The judgment may be a separate document or entry on the docket sheet of the case. A docket sheet entry complying with these requirements is a judgment unless the docket sheet entry indicates that the court will enter the judgment in a separate document. The separate document shall be the judgment when entered.
This rule is an attempt to assist litigants and the appellate courts by clearly distinguishing between when the trial court's orders and rulings are intended to be final and appealable and when the trial court seeks to retain jurisdiction over the issue. Hughes, 950 S.W.2d at 853.
Here, the juvenile court order only meets the "signed by the judge" requirement for finality set forth in Rule 74.01(a). There is no denomination of "judgment" or "decree" on the order itself. The County failed to file the docket sheet for the case, so we may presume that there is similarly no denomination of "judgment" or "decree" on the docket entry. See Paulsen v. Harold Tippett Oil Company, Inc., 593 S.W.2d 615, 616 (Mo.App. E.D.1980). Thus, the judgment is not final under Rule 74.01(a).
In applying Rule 74.01(a) here, we acknowledge the line of cases that state that the technical requirements of Rule 74.01(a) do not apply to all orders entered by a juvenile court. Specifically, in In re C.A.D., the court of appeals considered the application of the denomination requirement to dispositional orders of juvenile courts. 995 S.W.2d 21, 25-27 (Mo.App. W.D.1999). The court noted that the standard for a final judgment in a juvenile matter differs from the standard under general civil law because a juvenile proceeding entails an ongoing case, which does not result in a "final" order as that term is generally defined. Id. at 26-27. The court stated that the juvenile court's exercise of continuing jurisdiction over a child, however, does not defeat a right to appeal. Id. at 27. Because a delay in determining the continuation of a custodial arrangement for a child is detrimental to the child's best interest and welfare and to the state's best interests, as required by Rule 110.02, the court held that the denomination requirement in Rule 74.01(a) is inconsistent with and inapplicable to dispositional orders of juvenile courts. Id. at 27-28. Nothing in C.A.D., however, precludes application of the denomination requirement in Rule 74.01(a) to the juvenile court order in this case. Rather than a dispositional order determining a child's custody, the order in this case merely assigned payment of Mother's attorney fees to the County. There is no need to circumvent the requirements of Rule 74.01(a) with respect to this order to protect the best interests of the child. In this circumstance, Rule 74.01(a) applies. See also Rule 110.04 (stating that if no procedure is specifically provided in the juvenile court rules, then the juvenile court shall be governed by the practice and procedure customary in equity proceedings, and by Rules 41 through 101 to the extent not inconsistent therewith).
Moreover, even in the absence of the requirements of Rule 74.01(a), the order cannot be considered final because it does not dispose of all issues in the case. An appealable judgment disposes of all issues in a case, leaving nothing for future determination. Hughes, 950 S.W.2d at 852-53. The juvenile court did not dispose *733 of all issues of the case in this order. Although the August 2004 order appeared to contain a determination that the County was required to pay Mother's attorney fees, the subsequent actions of the County and the juvenile court's response indicate that the court had not made a final determination of that issue before the County filed this appeal. After the juvenile court entered the August 2004 order, it granted the County's motion to intervene, indicating that it would consider the County's arguments in its motion to set aside, vacate, or amend. On the juvenile officer's motion, the court then dismissed the County's motion for procedural reasons in December 2004. Significantly, though, the juvenile court granted the County leave to re-file its motions so long as it provided notice to all necessary parties to the case. It also appears from the record that the County indeed re-filed its motions, but did not wait for the trial court to make a ruling on the merits before filing its notice of appeal.
The procedural basis of the juvenile court's December 2004 order and its decision to allow the County to re-file its motions imply that the court had not yet considered the merits of the County's motion and was willing to do so as long as the County provided proper notice to other parties. Under these circumstances, the August 2004 order cannot be considered a final, appealable judgment because it did not dispose of all issues in the case, specifically those raised by the County in this appeal.[4] Accordingly, we must dismiss this appeal for lack of jurisdiction.

III. CONCLUSION
The appeal is dismissed.[5]
LAWRENCE E. MOONEY, J. and BOOKER T. SHAW, J., concurring.
NOTES
[1] All statutory references are to RSMo 2000.
[2] The table of contents to the legal file indicates that the County also re-filed its motion to reconsider, vacate, or amend the juvenile court's order and its motion to intervene on that day. But the copies of each motion included in the legal file do not contain a date stamp.
[3] All references to rules are to the Missouri Supreme Court Rules (2004).
[4] The County does not address the finality of the August 2004 order other than to state that "it is clear that the trial court intended its order awarding attorneys' fees to serve as a judgment against the County for such fees" and that it had no other course of action if it wished to preserve its right to appeal the order of the trial court. Not only does the County fail to cite any authority to support its contentions, we disagree that the County had no other course of action. The juvenile court unequivocally permitted the County to re-file its motion. Had the County allowed the juvenile court to reach the merits of its motion and to enter a judgment reflecting its determination, the court may have ruled in the County's favor. If the court did not rule in the County's favor, then the County could file a notice of appeal at that timeassuming all other requirements for appeal were satisfied. Moreover, the County's reference to Rule 81.05 is misplaced. That rulerelating to effect of after-trial motions on the finality of a judgment  presupposes that the judgment being appealed satisfies other requirements for finality, particularly those contained in Rule 74.01(a).
[5] In light of our dismissal, the juvenile officer's motion to strike parts of the legal file and its motion to remand the cause to the trial court for determination of un-adjudicated contested factual issues are denied as moot.