In the Missouri Court of Appeals
 Eastern District
 DIVISION FOUR

WEST QUINCY PROPERTIES, LLC, ) No. ED109208
 )
 Respondent, ) Appeal from the Circuit Court
 ) of Marion County
v. ) Cause No. 14MM-CV00149-01
 )
STRAIGHTEDGE, INC, et al. ) Honorable Michael P. Wilson
 )
 Appellants. ) Filed: July 13, 2021

 Introduction

 Appellants William Snider and Jordan Snider (collectively, the Sniders) appeal the

trial court’s judgment in favor of Respondent West Quincy Properties, LLC (WQP), on

WQP’s petition for quiet title and ejectment regarding a tract of real estate (the property).

The Sniders argue that the trial court’s judgment is erroneously based on a prior court order

that was not a final judgment, which found that title to the property should properly be

vested in WQP. We affirm.

 Background

 In August of 2013, WQP entered an agreement with Benny Hines, on behalf of

Straightedge, Inc. (Straightedge), an Illinois corporation, to purchase the property for

$50,000. WQP paid $10,000 toward the purchase price on August 14, 2013. The purchase
agreement stated that closing was expected to take place within 60 days of the agreement.

WQP made attempts to arrange a closing date with a title company, but Hines did not return

phone calls from WQP. No closing took place, and Straightedge did not transfer title to

the property to WQP. At some point prior to August 14, 2013, Straightedge had been

administratively dissolved by the State of Illinois.

 On June 13, 2014, Straightedge and William Snider entered a “contract for deed”

contemplating that Straightedge would sell William Snider the property for $55,000. On

July 29, 2014, WQP filed suit for specific performance of the purchase agreement between

WQP and Straightedge. During the pendency of the suit, on February 20, 2015, the State

of Illinois reinstated Straightedge as a corporation. On May 4, 2016, WQP amended its

petition to add William Snider as a defendant.

 On July 8, 2016, a warranty deed was recorded for the property from Straightedge

to William Snider. The deed was dated June 30, 2014. On September 16, 2016, a quitclaim

deed was recorded for the property from William Snider to his son, Jordan Snider.

Straightedge dissolved in October of 2016, and Benny Hines filed a suggestion of

bankruptcy with the trial court on August 1, 2017, listing both WQP and William Snider

as creditors.

 The trial court, the Honorable Rachel L. Bringer Shepherd, entered judgment in

WQP’s suit for specific performance on October 19, 2018. The trial court found credible

testimony that a representative of WQP had spoken with William Snider about WQP’s

purchase of the property prior to June 13, 2014, when William Snider and Straightedge

executed the “contract for deed.” The trial court found that because William Snider had

notice of the prior contract for sale to WQP, William Snider was not a bona fide purchaser

 2
and was not protected from WQP’s unrecorded purchase agreement. The trial court also

found that Jordan Snider had received notice of the prior purchase agreement on the date

his father was served as a defendant, which was four months prior to the date Jordan Snider

received the property by quitclaim deed. As such, the trial court found Jordan Snider also

had no protection as a bona fide purchaser. The trial court found that the purchase

agreement between Straightedge and WQP was enforceable, and the court ordered

Straightedge to issue a warranty deed for the property to WQP within 30 days of the

judgment. The trial court also ordered WQP to pay $40,000 into the court’s registry, which

the court would distribute upon further proceedings to determine who should receive such

funds. The court scheduled a case management conference for February 6, 2019.

 On January 2, 2019, WQP filed the instant petition in a separate cause of action in

the trial court, requesting that the court quiet title to the property in favor of WQP and eject

the Sniders from the property. The trial court, the Honorable Michael P. Wilson, held a

hearing on July 15, 2020, during which a representative of WQP testified that WQP had

deposited $40,000 in the court’s registry as ordered by the court’s prior judgment, and that

attempts to obtain a warranty deed for the property from Hines on behalf of Straightedge

were unsuccessful. The trial court entered judgment in favor of WQP, finding that WQP

was the lawful owner of the property and quieting title to the property in WQP. The court

further ordered the Sniders to vacate the property within 90 days and deliver possession of

the property to WQP. This appeal follows.

 Discussion

 The Sniders argue on appeal that the trial court improperly relied on its former

judgment, which found title to the property should be vested in WQP, in rendering the

 3
present judgment quieting title and ejecting the Sniders, because they assert the former

judgment was not final in that it left outstanding the question of who should receive the

$40,000 in the court’s registry. 1 We disagree.

 Our review of a court-tried case is governed by the principles set forth by the

Missouri Supreme Court in Murphy v. Carron, 536 S.W.3d 30 (Mo. banc 1976). We will

affirm the judgment of the trial court unless there is no substantial evidence to support it,

it is against the weight of the evidence, or it erroneously declares or applies the law. Id. at

32; see also McCord v. Gates, 159 S.W.3d 369, 373 (Mo. App. W.D. 2004) (standard of

review for court-tried quiet title actions is same as in other court-tried cases).

 The Sniders essentially argue that the court’s judgment quieting title and ejecting

the Sniders from the property was premature because the prior judgment left open the

question of which defendant should receive the $40,000 that WQP paid to purchase the

property according to the terms of the purchase agreement that the trial court found

enforceable. The Sniders argue that the judgment was therefore interlocutory and subject

to change, and that the Sniders intended to appeal that judgment once it became final. Thus,

they argue, the trial court’s second judgment quieting title and ejecting the Sniders has left

the Sniders without an ability to appeal the merits of the trial court’s former decision that

title to the property should be properly vested in WQP.

 “Generally, a judgment is final if it disposes of all the issues with respect to all

parties and leaves nothing for future determination.” ABB, Inc. v. Securitas Sec. Servs.

1
 The Sniders raise three points on appeal that all essentially assert this argument. The first point, however,
claims that the trial court erroneously denied the Sniders’ motion for summary judgment due to lack of
finality of the prior judgment. Because the trial court’s denial of the Sniders’ motion for summary judgment
is not an appealable order, Point I is denied on that basis. Schnurbusch v. W. Plains Reg’l Animal Shelter,
571 S.W.3d 191, 203 (Mo. App. S.D. 2019) (denial of motion for summary judgment is not subject to
appellate review except in rare circumstances where its merits are completely intertwined with grant of
summary judgment in favor of opposing party). We address the remaining points together.

 4
USA, Inc., 390 S.W.3d 196, 200 (Mo. App. W.D. 2012); see also State ex rel. Henderson

v. Asel, 566 S.W.3d 596, 598 (Mo. banc 2019) (“If a judgment resolves all claims by and

against all parties, or it resolves the last such claim and some (but not all) claims have been

resolved previously, it is commonly referred to as a ‘final judgment’”). “However, this

rule is tempered by the instruction that what is or is not a final judgment ‘depends upon the

circumstances of each individual case.’” Concannon v. Hanley Devel. Corp., 769 S.W.2d

183, 186 (Mo. App. E.D. 1989) (quoting Clasen v. Moore Bros. Realty Co., 413 S.W.2d

592, 597 (Mo. App. E.D. 1967)). Situations may arise in which a judgment is final

regarding the claims raised, but nonetheless something remains to be determined by the

court:

 [I]f . . . the court fully determines the issues in accordance with
 the pleadings, even though there may be incidental or
 supplementary issues yet to be determined in order to obtain full
 enforcement, and if the judgment purports to operate in
 praesenti to the extent of determination of the issues raised by
 the pleadings, then the judgment should be considered as “final”
 to the extent of adjudging the merits and thus immune from
 amendment, modification, or vacation after the expiration of
 thirty days.

Thompson v. Hodge, 348 S.W.2d 11, 13 (Mo. App. 1961).

 Here, the trial court’s first judgment was denominated “judgment,” in accordance

with Rule 74.01(a), which requires appealable judgments to be denominated either

“judgment” or “decree.” See In re C.D., 176 S.W.3d 730, 732 (Mo. App. E.D. 2005) (Rule

74.01(a) “is an attempt to assist litigants and the appellate courts by clearly distinguishing

between when the trial court’s orders and rulings are intended to be final and appealable

and when the trial court seeks to retain jurisdiction”).

 5
 Further, the court’s first judgment determined all issues raised by the pleadings.

WQP’s petition contained one claim at the time of trial, 2 which was for specific

performance of the contract, or an alternative request for damages for breach. The

defendants had raised a counter-claim related to payment for improvements to the property.

The trial court’s judgment addressed each as follows:

 THEREFORE, IT IS ORDERED, ADJUDGED, AND
 DECREED that within thirty days of this Judgment,
 [Straightedge] shall issue a warranty deed to [WQP] for [the
 property], and that [WQP] shall deposit $40,000 with the Circuit
 Clerk . . . until further proceedings are held to determine the
 distribution of the remainder of the purchase price. All other
 claims in this case are denied.

The trial court’s language here communicates its intent to finally resolve all claims between

the parties. Who should receive the purchase price of the property under the contract was

not an issue raised in the pleadings. Rather, in light of the court’s resolution of the claims

and issues in the case, and in light of the changed circumstances while the case was

pending, including Straightedge’s dissolution, Hines’ bankruptcy, and transfer of

possession of the property to Jordan Snider, the court had to then determine who was to

receive the purchase price WQP was obligated to pay.

 Moreover, this judgment operates in praesenti (at the present time), in that it

requires all parties to take action with regard to the claim at issue—title to the property—

without condition or the possibility of future change. Compare Thompson, 348 S.W.2d at

14-15 (holding that judgment ordering damages to be paid only if defendant failed to

comply with judgment restraining defendants’ operation of mill within 30 days of judgment

did not operate in praesenti because it left question of damages dependent on event which

2
 WQP had raised a second claim, which it voluntarily dismissed with prejudice prior to trial.

 6
might or might not occur) with Clasen, 413 S.W.2d at 597 (finding declaratory judgment

determining rights and duties of parties under lease was final despite provision stating trial

court retained jurisdiction to order accounting if plaintiffs failed to furnish figures for

periods covered by lease). In light of the foregoing, the trial court’s first judgment was a

final judgment. No party appealed this judgment.

 The trial court’s second judgment, therefore, quieting title to the property and

ejecting the Sniders from the property, properly relied on the court’s prior finding that title

to the property should be vested in WQP. We find no error in the trial court’s judgment in

this respect. 3

 Conclusion

 We affirm the judgment of the trial court.

 Gary M. Gaertner, Jr., P.J.

Philip M. Hess, J., and
Michael E. Gardner, J., concur.

3
 To the extent the Sniders argue that the trial court’s first judgment was not capable of enforcement because
Straightedge could not have executed a general warranty deed for the property, the Sniders failed to appeal
that judgment and their argument is not properly before us in the present appeal of the second judgment. The
present judgment relied on the trial court’s conclusion that WQP is the rightful owner of the property, and
quieted title accordingly. We find no error in the trial court’s actions in this regard.

 7